Indiana Union Traction Co. *v.* Downey—177 Ind. 599.

## Indiana Union Traction Company *v.* Downey.

[No. 21,957. Filed May 28, 1912.]

1. RAILROADS. — *Street Railroads.—Crossing Accident.—Complaint. —Allegation of Acts Not Constituting Concurring Proximate Cause of Injury.*—In an action for injuries sustained in a crossing accident, negligent acts of the defendant which have a relation to the accident and the duty owing by defendant, even though not constituting a concurring proximate cause leading to the injury, are proper facts to be alleged in the complaint. p. 604.

2. RAILROADS.—*Street Railroads.—Operation.—Duty of Employes.* —It is the duty of employes in charge of a street-car, in the

exercise of ordinary care to avoid injury, to give timely warning by sounding a bell or gong, or otherwise, on the car's approach to a place where, under the circumstances, there is danger of a collision with persons or vehicles. p. 604.

3. RAILROADS.—*Street Railroads.—Crossing Accident.—Complaint. —Sufficiency.*—In an action for injuries sustained in a crossing accident, a complaint alleging that the defendant street-car company left one of its cars standing on its west track on the south side of a street which crossed the street on which the tracks were laid; that plaintiff's view of a car on the east track was thereby obstructed; that defendant left certain trucks in the street between said standing car and the west curb of the street on which the tracks were laid; that about 8 o'clock at night the plaintiff approached the street crossing in a horse-drawn vehicle, and was attempting to turn south and proceed on the west side of said standing car, but because of the obstruction in the street, he turned to the east; that he looked and listened and, neither hearing nor seeing a car on the east track, started his team across it; that defendant suddenly caused a car on the east track to start and approach the crossing without giving any signal or warning, by reason of which plaintiff was injured, shows a violation of the duty owing to plaintiff and other users of the crossing to give warning and to signal before running the car past the standing car on the west track and over the crossing, and is a charge of actionable negligence and the complaint was sufficient without an allegation that plaintiff would have heard the signals if given. p. 605.

4. RAILROADS.—*Street Railroads.—Crossing Accident.—Evidence.*— In an action for injuries sustained in a crossing accident, evidence concerning the location and description of an obstruction left in the street by defendant street-car company, and which it is alleged caused the plaintiff to cross the tracks to the opposite side of the street, was properly admitted, since the conditions at the crossing had a relation to defendant's duty to signal the approach of the car by which plaintiff was injured. p. 605.

5. TRIAL.—*Instructions.—Conformity to Pleading and Proof.*—Instructions that are not applicable to any issue presented by the pleadings and evidence in the case are erroneous. p. 606.

6. TRIAL.—*Instructions.—Contradiction.*—Instructions so apparently contradictory of each other as to confuse the jury, are erroneous. p. 606.

From Howard Superior Court; *J. F. Elliott*, Judge.

Action by Omer Downey against the Indiana Union Traction Company. From a judgment for plaintiff, the defend-

ant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*J. A. Van Osdol, Blacklidge, Wolf & Barnes,* for appellant.
*Harness, Moon & Voorhis, Overson & Manning, Bell & Purdum,* for appellee.

Cox, C. J.—Appellee recovered a judgment against appellant for damages for personal injuries alleged to have been received by him in a collision between a horse-drawn vehicle which he was driving and one of the passenger-cars of appellant on a street crossing in the city of Kokomo. The complaint was in three paragraphs to the first of which a demurrer was sustained. Appellant unsuccessfully demurred to the second and third paragraphs of the complaint, and issues were joined thereon by answer of general denial. With a general verdict for appellee, the jury returned answers to special interrogatories.

As the first cause for reversal, it is contended that neither paragraph of the complaint states a cause of action, and that, therefore, the trial court committed error in overruling its demurrer to each paragraph upon which the case was tried.

The second paragraph reads as follows: "And for a second and further paragraph of plaintiff's complaint, Omer Downey, plaintiff, says that the defendant is a corporation duly organized and doing business under the laws of the State of Indiana, and owned and operated a street and interurban railway along and upon Union Street and the Southern extremity of said street North to a point where Taylor Street crosses Union Street in the City of Kokomo, County of Howard, State of Indiana, on the 13th day of April, 1906, and for a long time prior thereto. That from a point where Sycamore Street crosses Union Street, in said city, North past defendant's station where the defendant company's cars stop for the purpose of letting passengers on and off and for loading and unloading of freight, and on North past Walnut Street to a point where Taylor Street crosses Union Street

the company had on the aforesaid date double tracks upon which said defendant operated their cars by electricity. That on the 13th day of April, 1906, the defendant, by its servants, agents and employes, negligently caused one of their cars to stand on the West track at a point where Walnut Street crosses Union Street; and that said car was standing in such a position that the North end of said car was at a point, to-wit; Ten to twenty feet South of the South curb of Walnut Street, and that said car was under the care, control and management of the defendant. That said car standing on said West track was about sixty (60) feet in length and fourteen (14) feet high and obstructed the view of plaintiff so that he could not see another car of defendant company then standing on defendant's East track and immediately south of said car on the West track. That on the aforesaid date, the defendant had certain trucks for the purpose of conveyance of freight to and from their cars, and that on the date the defendant negligently and carelessly permitted by its agents, servants and employes, said trucks to remain on the street between the car aforesaid mentioned and the West curbing of Union street, at a point, to-wit: Thirty (30) feet South of the North end of said car, thereby carelessly, negligently and unlawfully obstructing and hindering the passing of teams and vehicles on the West side of said car and on the West side of Union Street. That on the date aforesaid, the plaintiff was employed as a cab driver and was lawfully upon said Walnut and Union Streets and was engaged in an effort to pass with his team and cab from Walnut Street, coming from the West, into Union Street going on the West side of the track and car aforesaid mentioned. That it was eight o'clock on said date and the night was dark and it was raining. That plaintiff with his team and cab was in the act of turning to the South on the West side of said car on said Union Street when he saw that the passageway was blocked by the trucks and in the manner aforesaid mentioned on the West side; he then turned to the

East and without any knowledge that a car was standing on the East track of said defendant company and unaware of any approaching car on the East track and using every means at his command to determine whether a car was approaching, by listening for a gong or other signal, by looking to the North, by looking through the windows of the car standing on the West track to the South, and hearing no gong or sound of approaching car started his team from practically a walk across the East track. That his only means of getting to his point of destination was to cross to the East of said Company's tracks on Walnut Street and immediately North of said car standing on said West track as aforesaid, and as he reached the East track, (at all times using the above mentioned precautions), the defendant caused the large interurban car standing on said East track, as aforesaid, to suddenly start North and approach said crossing at Union Street, and negligently and carelessly omitted while approaching said crossing to sound the gong, ring the bell or sound the whistle or to give any signal or warning whatever of its approach, by reason of which negligence on defendant's part said interurban car ran down and struck the plaintiff's horses and cab with great force and throwing the plaintiff with great violence upon the front fender of said car, thereby cutting, lacerating, bruising and injuring this plaintiff's back and shoulders and injuring him internally in this, breaking four of the lower ribs and injuring his spine to such an extent that great pain and suffering and soreness has continuously been located in this part of the back; the exact nature and extent of these injuries is to this plaintiff unknown at this time. That all of said injuries were caused by the negligence of the defendant aforesaid and without any fault or negligence of the plaintiff.''

These allegations are followed by allegations of special damages and prayer for judgment.

The third paragraph is materially different from the second only in allegations concerning the position of the car

standing on the west track, and of the truck between it and the curb.   In the third paragraph it is alleged that the north end of the standing car was flush with the south curb of Walnut street, and that the truck was ten feet south of the north end of the car.

If, as contended by counsel for appellant, the complaint does not connect the alleged negligent acts of leaving the car standing on the west track and the truck between it and the curb with appellee's injuries as a proximate cause, it does not follow therefrom that the complaint must succumb to appellant's demurrer.   If, as a matter of fact, it must be said that neither of them can be said to be a concurring proximate cause leading to appellee's injury, they still have a relation to the accident and the duty of appellant which made them proper facts to be alleged in the complaint.   It is said in 2 Thompson, Negligence §1399: "Obviously, the rule of reasonable care which the law puts upon the drivers, gripmen and motormen of street-cars at all times, imposes on them a more exacting attention when they approach street crossings, in a crowded city where vehicles and pedestrians may always be expected in front of them. The failure, under such circumstances, to ring the bell, sound the gong, or give other proper warning, is *negligence per se,* where there is a city ordinance requiring such precautions, and is undoubtedly *evidence of negligence* to be submitted to a jury under all circumstances, whether there is such an ordinance or not."

Again the rule is stated, that as a part of their duty to exercise ordinary care to avoid injury, it is the duty of the employes in charge of a street-car to give timely warning, by sounding a bell or gong, or otherwise, on the car's approach to a place where, under the circumstances, there is danger of a collision with persons or vehicles, such as on its approach to a street crossing.   36 Cyc. 1483.

The relation between the car standing on the west track

near the street crossing and the truck in the street between that car and the curb to appellee's injury is this: they

3. not only interrupted the journey of appellee to his destination along the west and proper side of Union street in which he would not have been required to cross the tracks of appellant, but the car, standing where it did, obstructed the view of persons, having a right to use the street crossing, of any car on the east track approaching the crossing. And the presence of the truck must, it seems clear, have increased the amount of travel over the crossing, or at least over the tracks, by diverting vehicles traveling south on the west side of Union street, and compelling them to pursue their course by crossing the tracks at the crossing and then turning south upon the east side of the street. To the ordinary hazards of the crossing appellant had added in these two particulars. It must be clear, then, that under these conditions the employes of appellant in charge of the car on the east track were under the duty to appellee and other users of the crossing, under the circumstances alleged in the complaint, of giving warning and signal before running the car past the standing car on the west track and over the crossing. This, the complaint alleges, they negligently failed to do, and that appellee was injured thereby. This was a charge of actionable negligence which it was alleged caused appellee's injuries. It was not necessary, as contended by appellant, to allege that appellee would have heard the signals if given. *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Pittsburgh, etc., R. Co.* v. *Terrell* (1912), *ante*, 447, 95 N. E. 1109. The court did not err in overruling the demurrer to either paragraph of the complaint in question.

Under the assignment of error based on the action of the court in overruling appellant's motion for a new trial, it is

4. first claimed that the court erred in admitting testimony concerning the location and description of the trucks at the time of the accident. As the conditions

at the crossing had a relation to appellant's duty to give signals or warning before running its cars over the crossing, this evidence was relevant. and the court did not commit error in admitting it.

The court gave twenty of the twenty-two instructions tendered by appellee, and sixteen of the twenty requested by appellant, and none of its own motion. The giving of each of a number of the instructions given at the request of appellee was made cause for a new trial, and is here relied upon for reversal. The first of these is instruction number three, which was as follows: "The streets of a city are for the use of the public and no person or corporation can have the right to permanently divert a street, or any part thereof, for private purposes. A public street is a public highway, and, as such, belongs from side to side and from end to end to the public."

5.

As an abstract proposition this instruction is doubtless a correct statement of the law. But it was not applicable to any issue presented by the pleadings and evidence in the case, and no attempt was made to connect it with any particular obstruction or diversion of the street. There was no explanation or qualification accompanying it which would have prevented the jury from applying it to the tracks and cars of appellant in the street, which would, of course, have been both erroneous and harmful to appellant.

By instruction nineteen, given at the request of appellee, the court undertook to instruct the jury on the doctrine of last clear chance. The complaint did not present any such issue, nor was the instruction applicable to any evidence given in the cause, and the giving of this instruction was, for that reason, error.

There is some ground ror the complaint of appellant, that instruction eighteen, given at appellee's request, is contradictory of instruction twelve, given at the request of appellant. We think that the terms of the

6.

two instructions, if not, in the final analysis, contradictory of each other, were so apparently so as to confuse the jury.

The result reached in the trial court is not so clearly right on the evidence that we can say that appellant was not harmed by the errors indicated, and they require the reversal of the case. Other questions are raised which are not likely to arise on another trial, and it is not necessary, therefore, to give them consideration.

Judgment reversed, with instructions to grant appellant a new trial.

NOTE.—Reported in 98 N. E. 634. See, also, under (1) 36 Cyc. 1571; (2) 36 Cyc. 1505; 20 Ann. Cas. 152; (3) 36 Cyc. 1571; (4) 36 Cyc. 1590; (5) 38 Cyc. 1612; (6) 38 Cyc. 1604. As to negligence as imputed to one failing to perform a duty imposed by statute, see 90 Am. Dec. 54. As to the right of a railroad company unnecessarily to obstruct a street with standing cars, see 1 Am. St. 843. As to the purposes for which a highway may not be used, see 131 Am. St. 532.