Argued April 8, affirmed May 26, 1925.

# CAROLINE ORDEMAN v. C. EARL WATKINS.

## (236 Pac. 483.)

**Municipal Corporations—Instruction on Accident Held Unwarranted by Evidence of Injury by Automobile.**

1. In action for personal injuries when struck at street intersection by automobile, instruction as to mere accident or unavoidable accident *held* improperly given and prejudicial, where all the evidence showed defendant was cutting the corner when he ran into plaintiff.

**Municipal Corporations—Instruction on Automobile Driver's Negligence in Cutting of Corner Held Misleading and Erroneous.**

2. Instruction that automobile driver was not negligent, though he was cutting corner in making a left-hand turn and was on wrong side of street when he struck plaintiff, if such acts were not the cause of plaintiff's injury, *held* erroneous and misleading; such acts being negligence whether they contributed to injury or not.

**Appeal and Error—On Appeal from Order Setting Aside Judgment for Misdirection of Jury, Instructions not Objected to are Reviewable.**

3. On appeal from order setting aside judgment because of misdirection of jury, but not identifying the particular error, instructions to which no exception was taken may be reviewed.

**New Trial—On Reversible Error Being Brought to Trial Court's Attention, It is Its Duty to Vacate Judgment on Its Own Motion or on Motion of Injured Party.**

4. On reversible error being brought to trial court's attention, it is its duty to vacate judgment on its own motion or on motion of injured party.

**Negligence—Contributory Negligence must be Pleaded and Proved by Defendant.**

5. Contributory negligence is affirmative defense, which must be pleaded and proved by defendant.

**Negligence—Anticipation of Wrongful Act not Required.**

6. Duty to exercise care does not require anticipation of wrongful act.

1. See 14 R. C. L. 786.
2. See 14 R. C. L. 775.
4. See 15 R. C. L. 688.
5. See 20 R. C. L. 182.
6. See 20 R. C. L. 31.

Municipal Corporations—Pedestrian may Assume Driver of Vehicle
   will Observe Statute.

   7.   Under Laws of 1921, page 710, Section 2, subdivisions 8, 13,
requiring vehicles to keep to right of center of intersection in
making left-hand turn, pedestrian had a right to act on assumption
that its requirements would be observed.

Municipal Corporations—Instruction on Contributory Negligence of
   Pedestrian Injured by Automobile Held Unwarranted.

   8.   Where defendant making left-hand turn at street intersection
during heavy rain cut corner, and while on wrong side of street
struck elderly lady carrying open umbrella, *held*, instruction on
doctrine of contributory negligence was unwarranted.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

                                          AFFIRMED.

For appellant there was a brief and oral argument
by *Mr. Earl C. Bronaugh, Jr.*

For respondent there was a brief and oral argu-
ment by *Mr. Robert F. Maguire.*

RAND, J.—The plaintiff, a woman of fifty-nine
years of age, while crossing East Thirty-seventh
Street in the City of Portland, was knocked down
and run over by an automobile driven by the de-
fendant.   She commenced this action to recover the
damage sustained.   The cause was tried to a jury
and a verdict was had, and a judgment was entered
thereon in favor of the defendant at the trial.   On
motion of the plaintiff, on the ground of misdirec-
tion to the jury, an order was entered vacating the
judgment and granting a new trial.   Defendant ap-
peals from the order.

---

   7.   See 20 R. C. L. 38.
   8.   See 14 R. C. L. 786.

The accident to plaintiff occurred about 6 o'clock in the evening of February 15, 1922, at the intersection of East Thirty-seventh Street and Sandy Boulevard, which intersection is east of the viaduct on Sandy Boulevard crossing the O. W. R. & N. Co. tracks. The defendant, after driving his automobile from the west over said viaduct and while turning north from Sandy Boulevard on to East Thirty-seventh Street, and while on the wrong side of East Thirty-seventh Street, ran over plaintiff. In making the turn, which was a left-hand turn, instead of passing beyond and to the right of the center of the intersection of the two streets, as required by the statute, defendant cut the corner and entered on to East Thirty-seventh Street on the west or left-hand side instead of on the east or right-hand side of the street, and ran over the plaintiff while on the wrong side of the street as she was crossing said street at a regular crossing from the west to the east side and when she had taken but a few steps from the west curb and before she had reached the center of the street. This act of the defendant is one of the acts alleged in the complaint as a negligent act, and is alleged to have been the proximate cause of plaintiff's injury. The defendant, at the trial, admitted while on the stand that he did cut the corner and that he ran over the plaintiff while on the wrong side of the street. He testified that it was raining very hard at the time and that the wind was blowing, and that he did not see the plaintiff or know of her presence until he felt her contact with the car, and that he stopped the car almost immediately and saw her lying on the street between the wheels on the left-hand side of his car. He also testified that there was, at the time, a large number of automobiles

being driven in both directions along Sandy Boulevard where it intersects East Thirty-seventh Street.

By his answer the defendant denied all of the negligent acts charged in the complaint and pleaded contributory negligence on the part of the plaintiff. The allegations of the answer charging contributory negligence are as follows:

"That at the time defendant's automobile approached the intersection of Thirty-seventh Street, the traffic on Sandy Boulevard was very heavy, and automobiles and street-cars were passing in great numbers in both an easterly and westerly direction. That when defendant's automobile turned off Sandy Boulevard on to Thirty-seventh Street, as aforesaid, defendant was unable to see plaintiff as she stepped off said curb and proceeded across the street, and was unable to see plaintiff at any time prior to the contact between the plaintiff and defendant's automobile, and that the inability of defendant to see plaintiff was due to the fact that plaintiff was dressed entirely in black or dark clothing and that plaintiff's face was entirely covered by an umbrella carried by plaintiff as hereinafter alleged.

"That plaintiff stepped off of the curb on the northwest corner of Thirty-seventh Street and Sandy Boulevard at a point a little north of the regular crossing commonly used by pedestrians, and was proceeding in an easterly direction toward the east side of said Thirty-seventh Street, and when plaintiff had reached a point near the center of said Thirty-seventh Street plaintiff carelessly, recklessly and negligently walked into and against the left front fender of defendant's automobile, and as a result was thrown to the pavement.

"That plaintiff proceeded across said Thirty-seventh Street to the point where she came in contact with defendant's automobile, in a careless, reckless and negligent manner and without regard for her own safety. That plaintiff was negligent, first,

in that she stepped off of said curb and started across said Thirty-seventh Street without looking either to her right or her left, to see if any vehicles or automobiles were approaching, and proceeded across said street at a time when it was very dark and raining hard, without taking any notice of the traffic on said street; and secondly, the plaintiff was negligent in that she was carrying an umbrella raised and open over her head, in such a position as to wholly obstruct her view and vision towards her right, so that it was impossible for plaintiff to see any vehicle or automobile turning on to Thirty-seventh Street from Sandy Boulevard.

"That said accident was not caused by any negligence on the part of defendant, but was caused or contributed to by the negligence of the plaintiff as herein alleged."

Plaintiff testified that before leaving the curb on the west side of East Thirty-seventh Street and proceeding to cross the street she looked in both directions, and, seeing no automobiles coming or going on East Thirty-seventh Street, she started to cross the street, and after taking two or three steps from the curb the first thing she remembered was being asked if she was badly hurt.

1. The court, amongst other things, charged the jury,

"If you believe from the evidence that the injuries to the plaintiff were the result of a mere accident or unavoidable accident and not due to any acts of negligence charged against the defendant in the complaint, then you should return a verdict for the defendant. There is in the world such a thing as a pure accident where nobody is negligent; such things do exist and the law takes notice of it, and if this was that kind of an accident, where nobody was negligent there cannot be a recovery because a recovery must be based upon negligence of the driver

of the car without negligence on the part of the lady
who was hurt.''

There was no evidence that the injuries to plaintiff
were the result of a mere accident or an unavoidable
accident. The whole evidence, including the admis-
sion of the defendant himself while on the stand,
established that the defendant was negligent and
that plaintiff's injuries were caused by defendant's
negligence in driving on the wrong side of the street
as he was when he ran over plaintiff, and that this
negligence continued up to the very instant when de-
fendant ran over the plaintiff. It would have been
physically impossible for the accident to have hap-
pened if defendant had been driving his automobile
on the right side of the street instead of on the
wrong side of the street. Hence, it was error for
the court to instruct the jury that they had a right
to find that plaintiff sustained her injuries from a
mere accident which could occur without the fault
of anyone. By this instruction the jury were led to
assume, as a matter of fact, that under the evidence
offered there was evidence tending to show that plain-
tiff might have been injured without fault upon the
part of the defendant. The evidence clearly estab-
lished that defendant's negligence was the proximate
and direct cause of the injuries complained of, and
under the pleadings and proof the liability of the
defendant depended upon whether the plaintiff her-
self had been guilty of some negligence which partly
directly caused her injury.

Since there was no evidence which tended to show
that plaintiff sustained her injuries without fault on
the part of the defendant, as she must have done if
her injuries were the result of a mere accident, the
instruction was misleading in that it tended to cause

the jury to assume a state of facts to exist in direct contradiction of all of the evidence, and concerning which no evidence in its support could be found in the record. Such an assumption was bound to be prejudicial to plaintiff since it would relieve the defendant from responsibility for his own wrong without any fault or contributory negligence on the part of the plaintiff: See *Bowen* v. *Clark,* 22 Or. 566 (30 Pac. 430, 29 Am. St. Rep. 625); *State* v. *Weaver,* 35 Or. 415, 418 (58 Pac. 109); *Pearson* v. *Dryden,* 28 Or. 380 (43 Pac. 166); *Thompson, Admx.,* v. *Union Fishermen's Co-operative Packing Co.,* 235 Pac. 694, decided April 28, 1925.

2. Amongst other things, the court charged the jury that,

"If you shall find from the evidence in this case that the defendant in turning north from Sandy Road into East Thirty-seventh Street did not go to and beyond the center of the intersection of said streets, then such act on his part would be a violation of the laws of this state, and if by reason of so failing to do he struck and injured plaintiff he would be guilty of negligence. If you shall find from the evidence that at the time of the collision between plaintiff and defendant's car the defendant was operating his car on the left or west side of East Thirty-seventh Street, then I instruct you that such act was a violation of the laws of this state and the defendant would be guilty of negligence, and if by so doing injured the plaintiff, he is guilty of negligence."

After correctly stating the law to the jury as above, the court then said:

"You will notice all through here about the lights, about the side street and about the intersection. It is important only if it contributed to the result. If I cut a corner up here and have a collision three blocks down the street, why—the corner up here has

nothing to do with the collision way down there. Whereas if I collided with somebody within a few feet of where I cut the corner, then a different situation would be presented and the jury might be called upon to determine whether the cutting the corner had anything to do with the accident. If cutting the corner or getting on the other side of the street had anything to do with it, then I instruct you that you must consider it an act of negligence for him to be on the wrong side of the street or for him to have cut the corner. That is simply reiteration of what I have given you before. Do I make that clear?

"Several Jurors: Yes.

"The Court: I want to make clear to you that the mere fact of your getting on the wrong side of the street or the mere fact of your cutting the corner is not negligence in a case like that, but if so doing contributes to the result, then it is negligence."

This instruction, as a whole, was misleading. What we presume the court intended to tell the jury was— not that the act of cutting the corner under circumstances such as were disclosed by the evidence was not negligent unless someone was hurt, but rather to tell them that it was not actionable negligence. For it is just as much negligence for a man to drive an automobile through a crowded street at sixty miles an hour in a case where no one is hurt as it is in a case where someone is hurt, or to shoot into a crowd where no one happens to be hurt as it would be if someone was hurt. According to all of the evidence the traffic at the intersection of these two streets was congested, and the cutting of a corner under such circumstances would be a negligent act regardless of whether anyone was hurt or not, because it would probably result in damage to someone. It was as much a negligent act for the defendant, taking into consideration the congested condition of

the traffic as disclosed by defendant's answer and testimony, in turning to his left from Sandy Boulevard on to East Thirty-seventh Street, to cut the corner and to drive on the wrong side of East Thirty-seventh Street while making the turn, if no one was hurt, as it would have been if someone had been hurt, although, of course, unless some damage to some person resulted therefrom the act could not be the foundation of a personal action for damages. The vice of the instruction was, when taken in connection with the instruction as to nonliability for injuries resulting from a mere accident, that the jury were at liberty to assume a state of facts contrary to all the evidence of the case. First, that the act itself was not negligent, and second, that it might be a mere accident, when all of the evidence showed that plaintiff's injury was the proximate result of defendant's negligence in cutting the corner in violation of the rules of the road prescribed by statute.

3, 4. It is true that no exception was taken to either of the foregoing instructions, but the case comes here upon an appeal from an order setting aside a judgment because of a misdirection to the jury. The court that entered the judgment set it aside for error in his instructions. There is nothing in the record to identify the particular error for which the court set the judgment aside. If there was reversible error and the matter was properly and seasonably brought to the attention of the court, it was the duty of the court to vacate the judgment whether on its own motion or on motion of the injured party.

The court also instructed the jury:

"I have told you that contributory negligence is negligence on the part of the person hurt without which the accident would not have occurred. It might be very negligent in some particulars that did not

contribute at all to the result,—so we have contributory negligence. That is, it must be negligence on the part of the person hurt which contributed to the result. Contributory negligence on the part of the lady hurt is a complete and perfect defense, whether it be great or small. Contributory negligence in this kind of a case is an absolute defense. If she failed to exercise that degree of care which persons of mature years and discretion do exercise under such circumstances as confronted her, and such conduct contributed to the result, then she cannot recover in this case."

It is conceded that the reason which caused the trial court to disturb the verdict was the giving of the foregoing instruction. The plaintiff contends that it was error for the court to give this instruction, for two reasons. First, that there was no evidence of any contributory negligence by plaintiff, and second, that the instruction was not limited to the particular negligent acts set forth in the answer, but applied to any lack of care upon the part of the plaintiff, whether pleaded or not. There was no evidence by plaintiff herself, or of any witnesses of plaintiff, tending to show that she was negligent in respect to any of the matters alleged in the answer, nor did any testimony given on behalf of the defendant tend to establish negligence on the part of the plaintiff in respect to the matters alleged.

5, 6. In this state contributory negligence is affirmative matter of defense. It is not only necessary for a defendant to plead contributory negligence, but the burden of proving contributory negligence rests upon the defendant. The doctrine of contributory negligence springs from the principle that a man is bound to exercise reasonable care to prevent harm to himself: Street on Foundations of Legal Liability, Vol. 1, p. 125. But the duty of exercising care does

not require one to anticipate a wrongful act: 2 Jaggard on Torts, p. 962.

7, 8. The statute requires that every vehicle shall be kept on the right half of the road, street or highway traveled, and that all vehicles approaching an intersection of a road, street or highway with the intention of turning thereat, shall, in turning to the left, run to and beyond the center of the intersection before turning: Laws 1921, c. 371, § 2, subds. 8 and 13.   If defendant had observed the requirements of this statute, plaintiff would not have been hurt, since she would not have been on the side of the street over which defendant's automobile would have been passing. Defendant's affirmative act of driving the automobile on the wrong side of the street and running over plaintiff while there was the proximate and direct cause of her injury.   The object of the statute is the protection of the public who have a right to act on the assumption that its requirements will be observed: See *Beck* v. *Vancouver Ry. Co.,* 25 Or. 32, 39 (34 Pac. 753); *Donohoe* v. *Portland Ry. Co.,* 56 Or. 58 (107 Pac. 964); *Palmer* v. *Portland Ry., L. & P. Co.,* 56 Or. 262 (108 Pac. 211); *Kirby* v. *Southern Pac. Ry. Co.,* 108 Or. 290 (216 Pac. 735). Since plaintiff had a right to assume, and to act upon the assumption, that while she was crossing the west portion of East Thirty-seventh Street at a regular crossing thereof she would not be run over by an automobile traveling in the wrong direction, she was not bound to act upon the assumption that someone would not conform to the requirements of the statute, and, unless she knew that the requirements of the statute were not being observed, she had a right to act upon the assumption that defendant would not run over her while driving his car on

the wrong side of the street. It was plaintiff's duty to make a diligent use of all available means to avoid a known or an apprehended danger, but in the absence of some knowledge or warning she was not bound to anticipate that the defendant would run her down while violating the requirements of the statute. Plaintiff herself testified that before starting to cross the street she looked in both directions and saw no car approaching her on the wrong side of the street, and defendant testified that he did not see her at all until after she had been knocked down. Under that state of facts, it was error for the court to instruct the jury upon the doctrine of contributory negligence.

Sandy Boulevard extends northeasterly and southwesterly, and is one of the principal arteries of travel on the east side in the City of Portland. The traffic at the intersection of these two streets was congested at the time of plaintiff's accident. East Thirty-seventh Street runs north and south. While plaintiff was passing easterly on the north side of Sandy Boulevard, because of the angle made by the two streets, defendant, in cutting the corner, approached plaintiff not only from her right, but partly behind her. If she had stopped on the street and turned directly to the south, she could have seen defendant's car but a short distance before it would reach the place where she was knocked down. The fact that it was raining and that she was using an umbrella is not evidence of contributory negligence. The defendant was bound to anticipate that pedestrians might be crossing the street and using umbrellas to protect themselves from the rain. Whether plaintiff looked to the right or not before leaving the curb was not the cause of her injury and did not partly directly cause her injury. If she

had not been there she would not have been injured, but the fact that she was there was a condition and not a cause of the accident. She had a right to be where she was, and defendant did not have a right to be where he was. Plaintiff had a right to assume that defendant would not be there and to act upon that assumption in the absence of any knowledge or warning upon her part that he was there. The giving of the instruction was, therefore, reversible error, and hence it was proper for the court to vacate the judgment.

For these reasons the judgment of the Circuit Court is affirmed.                    AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.