DETWILER, ADMINISTRATRIX, *v.* CULVER MILITARY ACADEMY ET AL.

[No. 13,489. Filed October 24, 1929. Rehearing denied January 16, 1930. Transfer denied April 30, 1930.]

*W. A. Slick* and *John W. Kitch,* for appellant.

*D. O. Osborn, Stevens & Stevens, W. S. Carlisle* and *Parker, Crabill, Crumpacker & May,* for appellees.

NICHOLS, J.—On a night in December, 1926, appellant's intestate, William Detwiler, while walking across the paved portion of a public highway at a point about five miles south of the city of South Bend, was struck and killed by an automobile driven by appellee Reed. It is alleged in the complaint that appellee Reed was at said time the servant and agent of appellee Culver Military Academy, and was, at said time, engaged upon a business mission for said academy. Appellant, administratrix, brought this action for damages for the death of said intestate for the benefit of his widow.

Appellant's complaint is in two paragraphs. The first alleges three negligent violations of the motor-vehicle statute of this state, as follows, to wit: (1) Driving said automobile at a dangerous and unreasonable rate of speed, to wit, in excess of 35 miles per hour; (2) failure to slow down and give warning of its approach by sounding horn or other signaling device in approach-

ing appellant's intestate; and (3) driving said automobile, in approaching said intestate, with lights out or dimmed so that he was not visible for a distance of 200 feet in front of the same.

The second paragraph is based upon the doctrine of "last clear chance," and alleges, in substance, that, after appellees saw or should have seen the intestate in a position of peril directly in the path of the automobile, they failed to use ordinary care to stop or turn to one side and thus avoid striking him.

Appellees filed their answers in general denial. There was a trial by jury, which resulted in a verdict for appellees, on which judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning alleged error of the court in overruling her motion for a new trial, under which she presents error in giving certain instructions hereinafter considered.

It appears by the evidence that appellee Reed was a physician at the Culver Military Academy, and, on a night in December, 1926, he was driving his own automobile south on a paved highway south of South Bend. He met an automobile, a Ford sedan, that was having engine trouble, and which was starting forward as Reed's automobile was coming abreast, in which automobile were the wife and daughter of the deceased. The lights on Reed's car were dimmed, but were turned on as soon as his car had passed the Detwiler car. The deceased stepped from behind the Detwiler car into the path of the Reed car when the Reed car was six to eight feet distant, and traveling 20 to 25 miles per hour. The left fender and light of the Reed car collided with the deceased, before Reed could stop his car, and death resulted. Reed did not know of the presence of the deceased until he stepped into the light thrown out by Reed's headlights when only six to eight feet from the deceased, the Detwiler car

being between them until that time, and Reed did not know that the Detwiler car was not moving.

One of Reed's duties as physician at Culver Military Academy was to take samples of the water being used, and send them to the medical laboratory at South Bend for examination. The samples were usually sent by mail, and sometimes by express, depending upon their size, but not before by automobile.

On the day in question, Reed secured samples of the water to send to the medical clinic. He and his wife desired to do some Christmas shopping at South Bend, and they decided to take the water to the clinic, then do their Christmas shopping, and return home. They drove their automobile to South Bend, took the samples of water to the clinic, then did their shopping, and started home in the evening. The accident in question happened on the return trip. Reed was not directed to take the water to South Bend, and no one at Culver Military Academy knew of his mission, which, with reference to the water, ended with its delivery to the clinical laboratory.

Reed is now dead, and a motion to dismiss has been filed as to him. This motion, under the provisions of §290 Burns 1926, must be, and hereby is, sustained.

As stated above, the only errors presented by the brief relate to giving certain of appellees' instructions. These in the order in which appellant has presented them:

Appellees' instruction No. 18, given by the court, informed the jury that it was not the duty of appellee Reed to sound his horn unless it should be found as a fact from the evidence that he knew, or had reason to know or anticipate, that the deceased, or other person, was in the highway, or about to cross, in other words, unless he knew or should have known, or had reason to believe, that there might be traffic or objects

of some kind in the path of his automobile. Appellant quotes §10137 Burns 1926, which provides, in effect, that in approaching a pedestrian who is standing or walking upon the traveled part of any highway, and not upon a sidewalk, every person operating a motor vehicle shall slow down and give a timely signal with the bell, horn, or other device for signaling, and then contends that, under the statute, it was Reed's duty to give timely, audible warning of his approach by bell or horn, that such duty was absolute, and that a failure so to warn was *negligence per se*. But, as applied to the facts in this case, we cannot take as drastic view of the statute as appellant would have us take. The accident here involved occurred in the open country on a public highway, five miles from South Bend, and not at an intersection or curve. Appellee Reed had no knowledge of the presence of the deceased, or of his intention to cross the highway nor was there any reason why Reed should have so known, until deceased stepped into the rays of light of Reed's car, and was only six or eight feet away when Reed saw him. Under such circumstances, there could have been no duty to sound the horn or give other signal until the presence of the deceased was known, and here it was then too late so to do. The statute does not apply under circumstances such as here.

Instruction No. 20 told the jury that, if the deceased actually saw the approaching car, it made no difference whether Reed sounded his horn or gave other signal, as the object of giving a signal is to warn of the approach of the automobile, and if the deceased knew of the approach, it was unnecessary to give warning. We see no error in this instruction, but even if there had been, appellant could not have been harmed thereby, as the evidence clearly shows that there was no opportunity to give warning after the deceased was discovered in the path of the automobile.

Appellant complains of instructions Nos. 5, 7 and 14, as being general instructions defining appellees' duties at common law, saying that the complaint charges violation of a statutory duty, and that such instructions were beyond the issues and misleading. But appellant overlooks her second paragraph of complaint which is based upon common-law negligence. Further, appellant's tendered instructions Nos. 9 and 18, both of which were given, were on common-law negligence, embracing the principle of ordinary care the same as the challenged instructions Nos. 5, 7 and 14, and even if it had been error to give these instructions, appellant may not complain.

Appellees' instruction No. 16, given by the court, told the jury that, if it found from the evidence that the car that was traveling in a northerly direction, and which Reed met, did not have its lights dimmed, and this confused Reed so that he was unable to see, and did not see the deceased in time to avoid the accident, and that the failure to dim the lights of the north-bound car was the proximate cause of the accident, then the verdict should be for appellees. There was evidence that the lights on the north-bound car were burning brightly. We see no error in this instruction.

Instructions Nos. 17 and 28, tendered by appellees and given by the court, were each to the effect that, if the injury and death of the deceased were purely accidental, and not the result of the negligence of appellees, there could be no recovery. There was no error in such instructions.

Appellant complains of instruction No. 15, tendered by appellees and given, because, after giving the law, as to the duty of Reed to dim his lights, it quotes the criminal provisions and penalties of the statute. It is charged in the first paragraph of complaint that Reed negligently dimmed his lights. Certainly, it

was proper for the court to instruct the jury as to Reed's duty in this regard, and, as the penalty would have been against Reed, and not against appellant, we do not see why appellant should complain. In the case of *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 103 N. E. 7, the penalty was against appellant, but the court, while holding that the instruction as to criminal liability was error, held that an examination of the whole record showed that the error was harmless.

Appellees' instruction No. 6, given by the court, was, in part, as follows: "If an injured person does or omits to do some act or thing which a reasonably careful and prudent person would have done or omitted to do, under the same or like circumstances, or partly causes, or contributes to his injury, this is contributory negligence." By the inadvertent omission of the word "not," the instruction was made to say the opposite from what was evidently intended. In its form, it is to be condemned, and should not be used. Appellees, in their instruction No. 5, defining negligence, have used a form to be commended rather than the form of the instruction under consideration. It is as follows: "Negligence which renders one person liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing; or the failing to do some act or thing which it is his duty to do. Or, to put it in other words, doing something which a reasonably careful and prudent person would not do under the same or like circumstances, or the failing to do something which a reasonably careful and prudent person would have done under the same or like circumstances, constitutes negligence." Notwithstanding the erroneous instruction No. 6, *supra*, an examination of the whole record convinces us that a right result was reached on the merits of the case, and such being the case, we hold

that the error was harmless, and will not justify a reversal.

Judgment affirmed.