LOESER, TRUSTEE, ET AL. *v.* SIMPSON, ET AL.

[No. 27,592.   Filed March 10, 1942.]

*William D. Curll* and *Carl M. Gray*, both of Petersburg (*Leslie Hendrickson*, of Boonville, of counsel), for appellants.

*Ely, Corn & Nixon*, of Petersburg (*Leonard Ashley*, of Boonville, of counsel), for appellees.

RICHMAN, J.—This appeal is from a judgment in an action to contest a will, after probate, upon a complaint alleging that the testator was of unsound mind and the will unduly executed because of fraud, duress and undue influence. There was a general verdict setting aside the will. All questions herein discussed are properly raised by motion for a new trial the overruling of which is the only error assigned.

Aside from one question as to the admissibility of evidence, all the errors relied upon are based upon the

rule that it is error for the court to give instructions which are not applicable to the evidence. *Indiana Union Traction Co.* v. *Downey* (1912), 177 Ind. 599, 606, 98 N. E. 634, 636; *Indianapolis Saddlery Co.* v. *Curry* (1923), 193 Ind. 346, 352, 138 N. E. 337, 339; *Jarrett* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627.

At the request of appellee Edgar L. Simpson, who was the only plaintiff below, the court gave two instructions on insane delusion. The only evidence suggested as warranting the instructions was a statement by testator that he had lost his home. When the will was executed he lived with his daughter. A few days later she found out about the will. There was some unpleasantness and he left for other residence. It was with reference to this leaving that he made the statement. If he believed what he said, nevertheless the belief was not "a spontaneous conception and acceptance of that as a fact which has no existence except in the imagination, and which is persistently believed in against all evidence and probability." On the contrary his belief was based on fact. In any event the whole incident occurred after he made his will and had no part in its execution. The court erred in giving the instructions. *Friedersdorf* v. *Lacy* (1910), 173 Ind. 429, 433, 90 N. E. 766, 768.

Of his own motion the court gave four and at the request of appellee, two instructions on the subject of undue influence, notwithstanding the repeated efforts of appellants by motions and tendered instructions to take that issue from the jury. This was error for there is not a syllable of evidence in the record from which a reasonable inference may be drawn that testator was unduly influenced in making his will.

The only evidence relied upon by appellee as showing such influence consisted of declarations of testator to his daughter a few days after he executed the ■■ will. They do not tend to prove undue influence but if they did they were inadmissible because they were not made at the time when he was engaged in executing the will. *Crane* v. *Hensler* (1925), 196 Ind. 341, 353, 141 N. E. 51, 146 N. E. 577, 148 N. E. 409. Besides she was not competent to testify since she was a party to the action. § 2-1716, Burns' 1933, § 305, Baldwin's 1934. This statute is applicable to will contests. *Kennedy* v. *Kennedy* (1922), 192 Ind. 353, 136 N. E. 557. Appellants' objections to the evidence were erroneously overruled.

Appellee asserts, however, that the witness was a defendant and therefore made competent at the call of plaintiff under § 2-1718, Burns' 1933, § 308, Baldwin's 1934. But she was not adverse to him in fact for the reason that she was interested with him in setting aside the will. *Cupp* v. *Ayers* (1883), 89 Ind. 60.

At the time she testified she was also a defendant as administratrix of the estate with the will annexed. Before the end of the trial she was removed as administratrix, doubtless because in testifying against the validity of the will she had disclosed her disqualification to act in such fiduciary capacity. She was no more competent to testify as administratrix than as an heir. If we held otherwise we should open the door to collusion by dissatisfied heirs whereby they could evade the statute. If there were no executor named in the will, or if named, none qualified, the heirs might procure the appointment of one of their number as administrator and in the action brought by the others as plaintiffs name him as defendant and thus subject to their call as a witness.

Because the daughter and administratrix was not a competent witness it follows also that the court erred in giving its fourth instruction which contained ■ a sentence authorizing the jury to consider the testimony on the subject of undue influence when the witness had been called by the adverse party.

There were eight witnesses who testified that testator was of unsound mind but the facts stated by them on which their opinions were based related chiefly to the physical infirmities of age and not to the mentality of testator. Inasmuch as the judgment must be reversed it is not necessary to determine whether the evidence was sufficient to justify the submission of that issue to the jury. It may be noted, however, that in a case not unlike the one at bar opinions without adequate bases of facts were held to be insufficient to sustain a verdict of unsoundness of mind. *Potter* v. *Emery* (1940), 107 Ind. App. 628, 26 N. E. (2d) 554.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 39 N. E. (2d) 945.