CALHOUN and another, Appellants, vs. LASINSKI and another, Respondents.*

*June 6—July 12, 1949.*

*John E. O'Brien* of Fond du Lac, for the appellants.

*Ervin A. Weinke* of Fond du Lac, for the respondents.

* Motion for rehearing denied, with $25 costs, on September 13, 1949.

HUGHES, J. The question presented is whether the trial court erred in instructing the jury both on the "emergency" and the "unavoidable accident" rules.

The collision occurred on the afternoon of January 11, 1946, at about four o'clock. At the scene of the collision Highway 45 extends north and south. Plaintiff Norma Calhoun was driving south on Highway 45 followed by a car driven by one Kolterman. The defendant Ted Lasinski was driving north. There was another automobile preceding him on the highway. Shortly before the accident a fifth car emerged onto the highway from a tavern and filling station to the east and traveled north between the Lasinski car and the one which had been preceding it. There was a light snow falling, but it did not impair visibility. The defendant testified that he could see a distance of two thousand feet as he drove along the highway. Katie Hoppe, mother of Mrs. Calhoun, was a guest in the Calhoun car.

As plaintiffs were about to meet the car which came onto the highway from the filling station, defendant's car either was driven or skidded onto the west side of the roadway into their path and collided partially head on with their car, causing damage to the Calhoun automobile and personal injuries to the plaintiffs for which they seek to recover.

It was the contention of the plaintiffs that the defendant drove onto the west side of the road in an effort to pass the car immediately ahead of him, and that he was negligent with respect to lookout, speed, management and control, and in driving his automobile on the left or westerly side of the road.

There was no claim that either plaintiff was guilty of contributory negligence.

The defendant testified that when the automobile came into the highway from the filling station, he was one hundred seventy-five to two hundred feet south of it; that it started north and had gone about a hundred to a hundred fifty feet and that defendant had then reached a point forty feet to its

rear and realized that he would collide with it unless he slowed up. He then applied his brakes and skidded into the plaintiffs' lane of travel. Defendant contended that in the course of travel on the highway the operator of the car which emerged from the filling station drove very erratically, alternately speeding up and slowing down.

Defendant further testified that he did not see the first car ahead of his nor either of the two southbound cars before the accident.

There was a dispute in the testimony as to whether there were ice patches on the concrete under the newly fallen snow.

The jury absolved defendant from all negligence.

We are of the opinion that the defendant was clearly negligent with respect to lookout. Whether it was causal is for the jury.

Plaintiffs contend that by establishing that defendant invaded plaintiffs' side of the road, a *prima facie* case was made against the defendant, which, in the absence of legitimate excuse, entitles plaintiffs to judgment, and that there was no emergency to excuse defendant.

Defendant admitted applying his brakes hard enough to kill his engine. In view of these facts we can see no justification for submitting an instruction as to "unavoidable accident."

The case presents a very narrow jury question on whether defendant was confronted with an emergency or whether his own negligent management and control brought him to the position of danger forty feet to the rear of the car immediately ahead of him.

We cannot escape the conclusion that the plaintiffs were prejudiced by the inclusion of the instruction on "unavoidable accident."

*By the Court.*—Judgment reversed and cause remanded for a new trial.