No. 19,971.

KAYE M. B. SULLIVAN *v.* ROY T. LAMAN.
(375 P. [2d] 92)

Decided October 1, 1962.

Mr. JAMES H. ROGERS, for plaintiff in error.

Messrs. YEGGE, HALL and SHULENBURG, Mr. RAYMOND J. CONNELL, for defendant in error.

*In Department.*

· Opinion by MR. JUSTICE McWILLIAMS.

THE trial court over timely and appropriate objection gave an instruction to the jury defining so-called "unavoidable accident." We conclude that under the circumstances of the case it was error to so do, and accordingly the judgment must be reversed and the cause remanded for a second trial.

The action stems from an automobile collision which occurred on March 24, 1960, at about 5:10 P.M. on East 14th Avenue between Lafayette and Humboldt Streets in Denver. Sullivan was proceeding in an easterly direction on East 14th Avenue (a one-way street) in the center lane. The "5 o'clock" traffic was extremely heavy and as she neared Humboldt Street she noted that all traffic in her lane was coming to a stop. Sullivan explained that the reason for this stopping of all traffic in her lane was that "the light on Franklin Street [at East 14th Avenue] was red and of course the cars were all held back to that point." Accordingly, Sullivan stopped her vehicle and moments later while in this stopped position her car was struck in the rear-end by the Laman driven vehicle, which was also traveling in an easterly direction on East 14th Avenue in the center lane. The impact between the front-end of the Laman automobile and the rear-end of the Sullivan car pushed the Sullivan vehicle forward and into the rear-end of the car in front of her, which in turn was driven by one Adams. The reasonable cost of repairing the Sullivan auto was said to be $522.

Adams testified that she noted the second car ahead of her stop suddenly and that the car immediately ahead of her then also stopped, as did she, and that the driver in each instance was able to stop without striking the car immediately ahead. Adams testified that Sullivan also successfully stopped her vehicle, but that there-

after she heard a crash when the Laman vehicle struck the rear-end of the Sullivan vehicle.

Laman testified that he was driving in an easterly direction on East 14th Avenue approaching Humboldt Street and that "when there was a quick confusion in the traffic" he put on his brakes "as quickly as he possibly could" but nonetheless still collided with the Sullivan car. Laman stated that a car up ahead was trying to make an illegal left-hand turn off East 14th Avenue from the center lane and that this caused the "confusion" referred to by him.

Based on this occurrence Sullivan sued Laman for $72,000, alleging that she suffered personal injury and property damage as the result of Laman's negligence. Laman admitted the accident, denied any negligence on his part, accused Sullivan of contributory negligence and pled unavoidable accident.

Over objection the trial court instructed the jury on unavoidable accident. Sullivan made no objection to the form of the instruction, but argued that under the facts of the case it was error to even instruct as to unavoidable accident. The jury returned a verdict in favor of Laman, and Sullivan by writ of error seeks reversal of the judgment entered thereon.

In *Carr v. Boyd,* 123 Colo. 350, 229 P. (2d) 659 and *Herdt v. Darbin,* 126 Colo. 355, 249 P. (2d) 822 we clearly indicated that the giving of an instruction on "unavoidable accident" in a case in which there was no evidence upon which a finding of such an accident could properly be based, is reversible error.

Careful examination of the record convinces us that there is no competent evidence upon which the jury could reasonably find that the accident was unavoidable and that the giving of such an instruction constituted reversible error.

In *Jacobsen v. McGinness,* 135 Colo. 357, 311 P. (2d) 696 it was said that "the instruction on unavoidable accident given by the trial court was erroneous, it tend-

ed not only to divert the minds of the jurors from the decisive issues of negligence and contributory negligence, *but suggested that under the evidence the parties might be held blameless for reasons other than their freedom from· negligence or contributory negligence.*" (Emphasis supplied.)

See also *Piper v. Mayer,* 145 Colo. 391, 360 P. (2d) 433, which is a definitive review and analysis of the many recent decisions of this court concerning the propriety of an instruction on unavoidable accident. In that case we concluded that an instruction on unavoidable accident possesses only "limited usefulness" and has "been restricted in its application to a particular type of case." Illustrative of the "particular type" of case in which an instruction on unavoidable accident has been held proper, are *Ridley v. Young,* 127 Colo. 46, 253 P. (2d) 433, (evidence of a locked front wheel); *Parker v. Couch,* 145 Colo. 209, 358 P. (2d) 609 (evidence of a severe dust storm); and *Iacino v. Brown,* 121 Colo. 450, 217 P. (2d) 266 (evidence of mechanical defect in steering wheel).

· Under the record it was error to instruct the jury on unavoidable accident. Accordingly, the judgment is reversed and the cause remanded for new trial.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.