## MILLER ET UX. *v.* ALVEY.

[No. 30,785. Filed June 7, 1965.]

*John H. Jennings* and *Harold M. Wilson, Jr.,* of. Evansville, for appellants.

*Gaylon L. Clark, Jr.,* and *Herman L. McCray,* of Evansville, for appellee.

LANDIS, J.—This cause[1] reaches us upon petition to transfer from the Appellate Court under Rule 2-23, the Appellate Court's opinion appearing in 194 N. E. 2d 747.

Appellants have taken this appeal from a judgment rendered on a negative verdict by the jury in a consolidated action by a guest-passenger and her husband against the host-driver for personal injuries and loss of services growing out of an automobile collision.

Among other questions the propriety of giving two instructions is before us, appellants having raised such questions in their motion for new trial the overruling of which by the trial court is here assigned as error.

The automobile collision in question occurred shortly after midnight on December 9, 1956, when appellant Katherine Miller was riding as a guest in the back seat of an automobile operated by appellee Russell Alvey on an expressway in or about the city of Evansville. According to the complaint and the evidence introduced, the injuries were sustained by said appellant when appellee's automobile struck a concrete divider strip or abutment separating the two

---

1. After a conference of the Court this cause was reassigned and first reached the writer of this opinion on May 7, 1965.

lanes of traffic on the expressway. A heavy rain was falling and appellee's vision was obscured by the rain, the darkness of the night and the steaming up of the windows. There was evidence with reference to wanton misconduct that appellant Katherine Miller and another guest-passenger made protests and that appellee was warned as to his improper driving, but to no avail. There was evidence appellee had been drinking intoxicating beverages earlier in the evening and prior to the time the collision occurred.

Appellants contend the court erred in giving to the jury appellee's instruction No. 6 which was as follows:

> "The Court instructs you that a pure accident is an accident which arises where one is pursuing a lawful occupation or pursuit in a lawful manner, and something occurs which ordinary skill or precaution could not forsee or prevent, and as a consequence thereof, an accident occurs. If the damages complained of in this case resulted from a pure accident, then the defendant is not liable for the damages caused thereby."

Appellants cite the following authorities from other states demonstrating how harmful such an instruction on "pure accident" or "unavoidable accident" is, particularly where there is no evidence to support it. *Butigan* v. *Yellow Cab Co.* (1958), 49 Cal. 2d 652, 657, 320 P. 2d 500, 504, 65 A.L.R. 2d 1; *Martz* v. *Ruiz* (1958), 158 Cal. App. 2d 590, 591, 322 P. 2d 981, 982; *Brenner* v. *Beardsley* (1958), 159 Cal. App. 2d 304, 306, 323 P. 2d 841, 842; *Beliak* v. *Plants* (1958), 84 Ariz. 211, 216, 326 P. 2d 36, 39; *Gray* v. *Woods* (1958), 84 Ariz. 87, 94, 324 P. 2d 220, 224; *Sullivan* v. *Laman* (1962), 150 Colo. 542, 544, 375 P. 2d 92, 93; *Dietz* v. *Mead, Delaware* (1960), 52 Del. 481, 160 A. 2d 372, 375; *Sirmons* v. *Pittman* (1962), Fla. App. 138 So. 2d 765, 774; *Riggs* v. *Watson* (1948), 77 Ga. App. 62, 67, 47 S. E. 2d 900, 904; *Orr* v. *Hart* (1935), 219 Iowa

408, 414, 258 N. W. 84, 88; *Paph* v. *Tri-State Hotel Co.* (1961), 188 Kan. 76, 80, 360 P. 2d 1055, 1058; *Employers' Mutual Casualty Co.* v. *Martin* (1962), 189 Kan. 498, 499, 370 P. 2d 110, 112; *Paolini* v. *Western Mill & Lumber Corp.* (1933), 165 Md. 45, 55, 166 A. 609, 613; *State* v. *Greaves* (1948), 191 Md. 712, 718, 62 A. 2d 630, 634; *McClarren* v. *Buck* (1955), 343 Mich. 300, 303, 72 N. W. 2d 31, 32; *Bobos* v. *Krey Packing Co.* (1927), 317 Mo. 108, 118, 296 S. W. 157, 161; *Chaar* v. *McLoon* (1924), 304 Mo. 238, 246, 263 S. W. 174, 175; *Rahja* v. *Current* (1963), 264 Minn. 465, 470, 119 N. W. 2d 699, 702; *Owen, Administrator* v. *Moore* (1958), 166 Neb. 226, 232, 88 N. W. 2d 759, 764; *Horrocks* v. *Rounds* (1962), 70 N. M. 73, 80, 370 P. 2d 799, 804; *Oatman* v. *Frey* (1958), 108 Ohio App. 72, 75, 9 Ohio Ops. 2d 126, 128, 160 N. E. 2d 664, 667; *Huey* v. *Stephens* (1954), Okla. 275 P. 2d 254, 256; *Tyree* v. *Dunn* (1957), Okla. 315 P. 2d 782, 784; *Ordeman* v. *Watkins* (1925), 114 Ore. 581, 586, 236 P. 483, 484; *Cordell* v. *Scott* (1961), 79 S. D. 316, 111 N. W. 2d 594, 596; *Luvual* v. *Henke & Pillot, Div. of Kroger Co.* (1963), Tex. Civ. App., 366 S. W. 2d 831, 836; *Cooper v. Pay-N-Save Drugs, Inc.* (1962), 59 Wash. 2d 829, 830, 371 P. 2d 43, 44; *Calhoun* v. *Lasinski* (1949), 255 Wis. 189, 191, 38 N. W. 2d 353, 354; *Brewer* v. *Berner* (1942), 15 Wash. 2d 644, 648, 131 P. 2d 940, 942; *Yanow* v. *Weyerhaeuser Steamship Company* (1958), 250 F. 2d 74, 76; *Harrison* v. *Garner* (1963), Alaska, 379 P. 2d 948, 949, NACCA News Letter, June 1964, page 132;.*Lewis* v. *Buckskin Joe's, Inc.* (1964), 156 Colo. 46, 61, 396 P. 2d 933, 941; *Fenton* v. *Aleshire* (1964), 238 Ore. 24, 31, 393 P. 2d 217, 221, 7 ATLAS News L. 239 (Sept. 1964).

Appellee relies on *Shane* v. *Fields* (1963), 135 Ind. App. 353, 356, 190 N. E. 2d 195, 197; *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 554, 13 N. E. 2d 712, 714; and *Detwiler, Admx,* v. *Culver Military*

*Academy* (1930), 91 Ind. App. 355, 361, 168 N. E. 246, 248.

In the Shane case decided by the Indiana Appellate Court the following instruction was involved (p. 356 of 135 Ind. App., p. 197 of 190 N. E. 2d):

> " 'The Law of this State recognizes the possibility of a mere accident; that is, an occurrence which is in no way due to the conscious act or fault of anyone. The happening of a mere accident resulting in injury or death cannot support a verdict for damages. Therefore, if you find that the death of Lee E. Shane in this case was the result of a mere accident, there can be no recovery for the plaintiff.' "

In regard to this instruction the Appellate Court stated:

> "Appellant cites a vast number of cases from other jurisdictions disapproving this instruction especially when there was no direct evidence of the possibility of pure accident. Although this seems to be the rule in the vast majority of the state[1](2) [sic] it is not the rule in Indiana."

The opinion in Shane then places reliance on *Bain, Admx.* v. *Mattmiller, supra,* for the proposition that the pure accident instruction was proper under the law of this state. The instruction involved in Bain, however, was as follows (p. 554 of 213 Ind., p. 714 of 13 N. E. 2d):

> " 'If you are unable to determine, from a fair preponderance of the evidence, just what was the proximate or real cause of the collision and resultant injury described in the complaint, then such collision falls within that class denominated as pure accident, and your verdict should be for the defendant, . . . .' "

The foregoing part of said instruction to the effect that if the jury was ". . . unable to determine, from a

2. Annotation 65 A.L.R. 2d 1.

fair preponderance of the evidence, just what was the proximate . . . cause of the collision and resultant injury described in the complaint . . ." the verdict should be for the defendant, unquestionably was a correct statement of the law, and the fact that such a collision was stated in the instruction to fall within the class of a "pure accident" was not discussed in the Court's opinion and does not appear to have been raised by the appellant. The opinion cannot properly therefore be cited as authority that instructions on "mere accident" or "pure accident" are proper as the law of this state.

The opinion of the Appellate Court in *Detwiler, Admx.*, v. *Culver Military Academy* (1930), *supra*, 91 Ind. App. 355, 361, 168 N. E. 246, 248, likewise is inconclusive as the opinion does not indicate the instructions there involved were objected to on the ground the expression "pure accident" was improper in an instruction.

What is the meaning of the term "accident"? Webster's Third New International Dictionary (p. 11), defines it *inter alia* as "a usually sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate, result (a traffic accident in which several persons were injured)." It is thus readily apparent that the word "accident" does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of "unavoidable accident" or "pure accident" i.e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care.

In fact the term "unavoidable accident" appears to be an obsolete relic or remnant carrying over from a time when damages could be recovered in an action for trespass and strict liability imposed unless the defendant proved the injury was caused by an "inevitable or unavoidable accident." "Unavoidable accident" was then an affirmative defense to be pleaded and proved by the defendant. See: 2 Harper & James, The Law of Torts (1956), §12.2, p. 747 et seq.; *Butigan* v. *Yellow Cab Co.* (1958), *supra,* 49 Cal. 2d 652, 657, 320 P. 2d 500, 504, 65 A.L.R. 2d 1. In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show any circumstance which rebuts the allegations of negligence directed to him or which concerns their causal effect. The expression "unavoidable accident" or "pure accident" is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as authorizing instructions on "pure accident" or "unavoidable accident" are hereby disapproved.

The submission of the instruction on "pure accident" was further objectionable in the case at bar, which was an action alleging wanton misconduct on the part of the driver, for the reason that there was no evidence to indicate the collision could have been an unavoidable occurrence or event. The unquestioned evidence previously recited is to the effect that this was a one-car collision in

which appellee drove his car into a concrete divider strip or abutment separating two lanes of traffic as he was driving on the expressway. It was raining very hard at the time and the windows were steamed up and the visibility was poor. It happened shortly after midnight and appellee had consumed two highballs and a beer or two prior to the collision. There was evidence of a warning to appellee about his driving prior to the collision but that appellee did not heed the warning. It is well settled that it is error to instruct the jury on matters which are not supported by the evidence in the case. *Loeser* v. *Simpson* (1942), 219 Ind. 572, 574, 39 N. E. 2d 945; *Indianapolis Saddlery Co.* v. *Curry* (1923), 193 Ind. 346, 352, 138 N. E. 337, 339; *Indiana Union Traction Co.* v. *Downey* (1912), 177 Ind. 599, 606, 98 N. E. 634, 636. We must conclude it was reversible error to give the foregoing instruction.

Appellants have further contended the court erred in giving appellee's instruction No. 9 which was as follows:

"You are instructed Katherine Miller and Holman Miller [are] the only plaintiffs and Russell Alvey is the only defendant in this causes [sic] of action, and there is no evidence in this case there is any other party, plaintiff or defendant, interested in its outcome."

Appellant's objection to this instruction in sub-stance was that the instruction was not only superfluous as the record shows who the parties were but that it in effect told the jury that no other concern or insurance company was involved in the case, with the inference that if the jury returned a verdict against appellee-defendant Russell Alvey, he personally would have to pay it, when on the contrary an insurance company in fact was involved. It also left

the inference that if there was an insurance company involved evidence to establish such fact could and would have been properly introduced.

Decisions of this state recognize the rule that in an action for damages growing out of an automobile accident evidence as to insurance carried by the defendant is ordinarily inadmissible not only because it is irrelevant but because it tends to prejudice the jury against the defendant. See: *Martin* v. *Lilly* (1919), 188 Ind. 139, 146, 121 N. E. 443, 445; *Flamion* v. *Dawes* (1929), 91 Ind. App. 394, 400, 169 N. E. 60, 62; See also: *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 295, 183 N. E. 2d 815, 818.

Conversely, evidence as to the failure of the defendant to carry insurance is likewise generally inadmissible on the ground of irrelevancy and as improperly tending to arouse sympathy for a defendant that he would personally have to pay the amount of any verdict the jury might return.

Similarly, instructions which call to the jury's attention these improper matters are likewise objectionable. Instruction No. 9 given at defendant-appellee's request telling the jury that the plaintiff and the defendant were the only parties and that no one but such parties were interested in the outcome of the case is not to be commended as it was an apparent attempt to indicate to the jury that the defendant did not carry liability insurance, or the fact of insurance would have been proved by evidence introduced, when this matter was certainly not a proper or relevant issue for their consideration. The fact that the defendant on the contrary did have insurance coverage shows further the entirely misleading nature of this instruction. It should not have been given.

Judgment reversed with instructions to sustain the motion for new trial.

Myers, Achor and Arterburn, JJ., concur; Jackson, C. J., dissents with opinion.

## DISSENT

JACKSON, C. J.—As stated, this case comes here on petition to transfer from the Appellate Court.

These actions originated in the Gibson Circuit Court where appellants instituted actions against the appellee for loss of services and for injuries resulting from a collision by appellee's auto with a divider strip in the highway. Appellant, Katherine Miller, a guest in appellee's automobile was severely injured. The trial court found for and rendered judgment in favor of appellee.

On appeal the Appellate Court affirmed the decision of the lower court. Appellant alleged six grounds for transfer.

In my opinion none of the grounds stated are sufficient to require or even permit transfer. These actions grow out of a guest case injury; before appellant, Katherine Miller, is entitled to recover she must allege and prove wanton and wilful negligence on the part of the appellee. That burden she must sustain. The trial court found in favor of appellee after hearing all the evidence. That determination by the trial court is conclusive as we do not on appeal weigh conflicting evidence. We do not on appeal search the record to reverse. It is fundamental on appeal that if there is any evidence in the record to sustain the judgment on the trial court, the judgment must be affirmed, this the Appellate Court did after full consideration of the matter on appeal.

The questions raised in the petition to transfer,

especially the instructions relative to "pure accident", are not germane to the issues here, and on the state of the record before us, if they are in fact erroneous, the error is harmless.

Transfer should be denied.

NOTE.—Reported in 207 N. E. 2d 633.