[Civ. No. 19903. Second Dist., Div. Three. May 19, 1954.]

CLAIR A. GIBSON, Respondent, v. DALE EDWIN STUCK, Appellant.

Mack, Bianco & King and Robert E. King for Appellant.

Kaetzel & Kaetzel for Respondent.

VALLÉE, J.—Appeal by defendant from an order granting plaintiff's motion for a new trial in an action for damages for personal injuries and injury to property allegedly caused by the negligence of defendant in the operation of his automobile. Defendant denied negligence and alleged contributory negligence on the part of plaintiff. No evidence was introduced on the issue of contributory negligence and the question was not submitted to the jury. Verdict and judgment were for defendant.

The court granted the motion on the grounds: 1. Insufficiency of the evidence to justify the verdict. 2. The verdict was against law.

The accident occurred on November 16, 1951, between 5:30 and 6 p. m., on United States Highway 101, on an incline of a hill approximately 1 mile north of the town of Arroyo Grande in San Luis Obispo County. The highway runs generally north and south. North of the point where the accident took place, there is a gradual curve; and for a quarter of a mile north of the curve, the road is straight. Visibility from the curve to the point where the accident occurred, looking south, was about 300 feet.

Earlier in the evening an automobile had overturned south of the curve, but it was not a barrier to traffic; it was lying nearly 9 feet to the west of the west edge of the pavement. A highway patrol officer had placed two warning flares north of the scene of the accident.

Plaintiff was driving south on the highway, traveling approximately 55 miles an hour. When he reached a point on the straight stretch of the highway north of the curve about two-fifths of a mile from the scene of the accident, he saw a flare and observed numerous vehicles parked on the side of the road, the headlights of parked cars, and silhouettes of people darting about. As he started around the long

curve, he noticed the overturned car and saw the officer directing traffic. When he was about 100 or 150 feet from the officer who was standing at the edge of the highway a little north of the overturned vehicle, he gave a hand signal to slow down, although he had looked in the rear vision mirror and had seen no automobile behind him at the time. He gradually decreased his speed until he was going about 10 or 15 miles an hour. Traveling at this rate, he passed the officer and the overturned automobile. After he passed the car, he saw in his rear vision mirror headlights overtaking him; he accelerated his speed until he was traveling about 30 miles an hour, but at a point about 30 feet past the overturned car defendant's automobile struck the rear of his car. At the time of the impact, a portion of plaintiff's automobile was off the highway on the shoulder to his right. Defendant told a highway patrolman that he estimated his speed to have been about 60 miles an hour.

Defendant was proceeding south on the highway in the same direction as plaintiff. He testified he was unaware of any danger in front of him until he rounded the curve and saw the overturned car when it was only 150 feet in front of him; he immediately applied his brakes and tried to stop, but he did not have time.

The rules which govern a reviewing court in the determination of an appeal from an order granting a new trial are so well known they need not be repeated. ■ The order of the trial court will be reversed only when it can be said as a matter of law there is no substantial evidence to support a contrary judgment. (*Brattain* v. *Pacific Elec. Ry. Co.*, 98 Cal.App.2d 678, 680 [220 P.2d 747].)

■ We cannot say, as a matter of law, that there was no substantial evidence to support a verdict for plaintiff. It was reasonable to conclude that defendant did not use ordinary care to avoid the collision; that had he exercised ordinary care he would have seen the flares, the headlights of the parked cars, the overturned automobile, and the highway patrol officer, and would have been aware of plaintiff's car in front of him and of the speed that it was traveling; that he did not operate his vehicle at a reasonable or prudent speed or in a reasonable or prudent manner in that he was unable to retard the speed of his car sufficiently to avoid hitting the rear of an automobile traveling in the same direction as he.

The jury could readily have found that defendant was negligent and a verdict for plaintiff would have been justified.

The appeal is frivolous, obviously taken for the purpose of delay, and calls for the assessment of a penalty.

Order affirmed. Respondent is awarded $300 as damages for a frivolous appeal, the same to be assessed as costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.