[Civ. No. 21024. Second Dist., Div. Three. July 28, 1955.]

ANNABELL GRISSO, Appellant, v. LEONARD
BROUDE, Respondent.

Louis A. Audet for Appellant.

Wyman & Finell and William B. Rodiger for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order granting defendant's motion for a new trial after a jury verdict in her favor in an action for personal injuries sustained by her while riding as a guest in an automobile caused by a collision with an automobile driven by defendant. The motion was granted on two grounds: (1) insufficiency of the evidence to justify the verdict; and (2) error in law in an instruction as to the contributory negligence, if any, of plaintiff.

The order of the trial court will be reversed only when

it can be said as a matter of law there is no substantial evidence to support a contrary judgment. (*Gibson* v. *Stuck,* 125 Cal. App.2d 340, 342 [270 P.2d 17].)

The accident occurred at the intersection of Union Avenue and 12th Street in Los Angeles, on July 30, 1952, at approximately 6 p. m. The intersection was controlled by semaphore traffic signals installed at each of the four corners. The signals were set to allow a "Go" or "Stop" period of 27 seconds with a three-second period when all four signals were "Stop" to allow traffic to clear and the signal to change. The signals located at the northwest and southeast corners controlled north and southbound traffic on Union Avenue. Those at the northeast and southwest corners controlled east- and westbound traffic on 12th Street. At the time of the accident, 12th Street was a one-way, westbound traffic lane. Both streets were approximately 40 feet wide.

Plaintiff was a guest passenger in an Óldsmobile sedan owned and driven by Mabel Allen Smith. Just before the collision, plaintiff and Mrs. Smith were traveling north on the curb side of Union; defendant was driving west on the north side of 12th in a Buick.

The front of the Buick struck the right side of the Oldsmobile. The point of impact was 10 feet west of the east curbline of Union Avenue and approximately 16 feet south of the north curb of 12th Street. The Oldsmobile was shoved in a northwesterly direction, striking a building, and ·came to rest after traveling 67 feet from the point of impact. The Buick was thrown out of control, turning in a clockwise manner so as to come to rest facing northeast against a telephone pole located at the northwest corner of the intersection. Before the impact, the Buick laid down 8 feet of skid marks. No skid marks were attributed to the Oldsmobile.

Plaintiff testified that she was sitting on the right-hand side of the front seat of the Oldsmobile; as she and Mrs. Smith approached the intersection the signal changed from "Go" to "Stop" and they stopped; they waited until the signal on the northwest corner turned to "Go" and "we started, and we got out, I don't remember how far, but I looked to the right and I looked to the left, . . . I didn't see any car from any direction"; "I don't believe I could see a block . . . there was a hedge or something there that I don't remember how far I could see down that [12th] street"; she could see over the hedge and could see the lanes of traffic coming from the east and going west; she looked "just for a split second"

to her right; she didn't see any vehicle coming; at the time she looked "we had started out, we were going, . . . [w]e were moving."

A newsboy testified that as he was lying on his news box, facing skyward, on the northeast corner of the intersection, he "heard a screeching of brakes, and as I come up I could see the signals, and they were changing"; he saw the signal above him, the one on the northeast corner, change; he did not remember from, or to, what they were changing; a "split second" later he saw the impact.

Defendant testified that at the time of the accident he was traveling about 25 miles an hour; as he approached the intersection of Union and 12th, he could see at least two blocks ahead; there were no vehicles in front of him for a distance of several blocks; there was a house with a hedge on the southeast corner; as he came to the intersection, there was no cross-traffic going north or south on Union, nor did he at any time become aware of any traffic on Union; when he was about 200 feet from Union he noticed the signal on the northeast corner and it said "Go"; he kept his eye on the signal until he came to a point where he could no longer see it and then he watched another signal; when he was 8 or 10 feet from the intersection he saw the Oldsmobile which was already in the intersection; "[j]ust as I approached, and probably a split second or so before where these skid marks started, I noticed the plaintiff's car coming, and I jammed on my brakes, and there was the collision"; he noticed the other car when he was about 10 feet from where the skid marks started; the front of his car struck the right side of the Oldsmobile.

There was substantial evidence that would support a finding that defendant was not negligent. Defendant testified that when he was approximately 200 feet from Union the signal controlling westbound traffic on 12th Street said "Go" and he proceeded. The newsboy testified he observed the signal on the northeast corner of the intersection, the signal controlling traffic for defendant, change after he heard the screeching of brakes. The time sequence of the traffic signals was such that if defendant's signal had changed from "Go" to "Stop," or vice versa, there necessarily would have to have been a 3-second interval after the change in which all the signals for both streets would have to have been "Stop." Both defendant and Mrs. Smith would have been required to stop for three seconds. The point of impact was approximately 16 feet south of the north curb of 12th Street or 24 feet north

of the south curb. The Oldsmobile had traveled more than halfway across the intersection before it was struck by defendant's Buick. After the impact the Oldsmobile was pushed in a northwesterly direction and continued 67 feet before it came to a stop after striking a building; the Buick was spun around so as to come to rest against a telephone pole on the northwest corner, facing northeast. ██ The court might reasonably have inferred the physical facts were not consistent with the claim of plaintiff that the Oldsmobile entered the intersection after a complete stop and, believing the testimony of the newsboy, that defendant's version of the accident was more reasonable: that he entered the intersection when the signal for the westbound traffic still said "Go" and the Oldsmobile moved across the intersection against the traffic signal. We cannot say as a matter of law there was no substantial evidence to support a verdict for defendant.

Since the evidence was sufficient to support the granting of defendant's motion for a new trial, it is unnecessary to decide whether the order might also be sustained on the ground of error in law in the giving of an instruction on the subject of contributory negligence.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1955.