[Civ. No. 23082.   Second Dist., Div. Three.   Sept. 18, 1958.]

FREDERICK R. GUNN, Respondent, v. PRESIDENT
TANK LINES, INC. (a Corporation), Appellant.

Hecker & Dunford and Nathan L. Schoichet for Appellant.

Oliver, Good & Sloan and Henry E. Kappler for Respondent.

VALLÉE, J.—Appeal by defendant from an order granting plaintiff's motion for a new trial.

The action is to recover damages for personal injuries sustained in a collision between a 1955 Dodge automobile driven by plaintiff and defendant's 1948 tank truck and tank pull trailer, operated by Herman Cole,[1] an employee of defendant. The tank truck and tank pull trailer had an overall length of 60 feet; it was empty and weighed about 33,000 pounds.

The accident occurred about 10 a.m. on May 19, 1956 at the intersection of Foothill Boulevard and Etiwanda Avenue in San Bernardino County. Foothill Boulevard was a through highway (U.S. Highway 66) with two lanes running east and two running west, each lane measuring about 10 to 11 feet. A 4½-foot painted divider separated the north and south sides of the highway, and each side had a paved shoulder about 8 feet wide. Etiwanda Avenue runs north and south, was about 49 feet wide, and had boulevard stop signs for vehicles entering Foothill in either direction. The area where the accident occurred was rural in character. Foothill was in a 55 mile per hour zone.

Plaintiff was traveling east on Foothill in the lane next to the dividing strip, referred to as lane E-1. Defendant's truck was approaching in a westerly direction on Foothill, also in the lane nearest the divider. The day was clear and dry. Traffic was light and there were no eastbound cars in front of plaintiff for a half mile or a mile from the intersection.

Plaintiff testified: he was traveling between 40 and 45 miles an hour and estimated that when he first saw the truck it was about 800 feet "down the road," traveling about the same speed; as he approached the intersection he slowed down slightly; he did not see the signal arm on the truck raised for a left turn or any signal of an intention to make a left turn; when he was about 75 feet west of the intersection the driver of the truck suddenly made a left turn in front of him, traveling about 15 miles an hour; he immediately applied his brakes and swerved to the right, skidding into the impact, and glancing off defendant's vehicle; he estimated he was traveling 10

[1]The truck driver did not testify at the trial in person or by deposition, having died about a month after the accident from unrelated causes.

to 15 miles an hour at the moment of impact. There was evidence that the truck was traveling from 2 to 6 miles an hour as it made the left turn.

Police officers who were called to the scene testified that plaintiff's car laid down about 81 feet of locked wheel skid marks on two wheels and 51 feet on the other two wheels in lane E-1, leading almost to the southerly edge of the shoulder. There were no skid marks left by the tank truck and trailer, and no evidence that the driver applied his brakes prior to the collision. The officers checked the brakes on both vehicles and found they were working satisfactorily. Plaintiff's car was damaged at the left front and side.

An expert, a graduate civil engineer and technical consultant, called by plaintiff, testified from facts encompassed in a hypothetical question that plaintiff's car was traveling approximately 44 to 46 miles an hour at the time the brakes took hold, and that plaintiff's car was only 52 feet west of the intersection when the front of the truck was in the intersection. Another of plaintiff's expert witnesses, a police sergeant, testified he was of the opinion, based on the skid marks, plaintiff's vehicle was traveling about 41½ miles an hour when it started to lay down the skid marks.

The motion was granted on the grounds of insufficiency of the evidence to justify the verdict and error of law in the giving of an instruction on unavoidable accident.

On the hearing of the motion below, counsel for defendant-appellant stated there was "a lot of testimony and a lot of conflict in the evidence"; "I feel it was a close case. Many of them are. However, I strongly feel it was a question of fact, not only as to the negligence of the truck driver, but the contributory negligence of the plaintiff." In view of this concession as to the state of the evidence in the trial court it is obvious there is evidence which would support a verdict for plaintiff and consequently that the order must be affirmed. (*Brown* v. *Guy*, 144 Cal.App.2d 659, 661 [301 P.2d 413].)

The rules which govern a reviewing court in the determination of an appeal from an order granting a new trial are so well known they need not be repeated. The order of the trial court will be reversed only when it can be said as a matter of law there is no substantial evidence to support a contrary judgment. (*Gibson* v. *Stuck*, 125 Cal.App.2d 340, 342 [270 P.2d 17]. See the comprehensive statement of this court in *Marlowe* v. *City of Los Angeles*, 147 Cal.App.2d 680,

683 [305 P.2d 604] ; also *Jensen* v. *Western Pioneer Ins. Co.,* 151 Cal.App.2d 570, 573 [312 P.2d 285] ; *Hughey* v. *Candoli,* 159 Cal.App.2d 231, 234 [323 P.2d 779].)

■ We cannot say, as a matter of law, that there was no substantial evidence to support a verdict for plaintiff. The court could have inferred that plaintiff was close to the intersection at the time the truck driver began his left turn. The court also could have inferred from the evidence that the truck was going as slow as 2 to 6 miles an hour, that the driver could easily have brought his equipment to a stop before any impact occurred if he had been exercising ordinary care. And it could have concluded that the truck driver was required to yield the right of way and that he failed to do so; that his failure was negligence, and that his negligence was the sole proximate cause of the accident. At the time in question section 551 of the Vehicle Code provided:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

It is unnecessary to decide whether it was prejudicial error to give an instruction on unavoidable accident. (See *Butigan* v. *Yellow Cab. Co.,* 49 Cal.2d 652 [320 P.2d 500] ; *Brenner* v. *Beardsley,* 159 Cal.App.2d 304 [323 P.2d 841].)

The appeal is without merit.

The order is affirmed.

Wood (Parker), Acting P. J., concurred.