[Civ. No. 22601.   Second Dist., Div. Two.   Mar. 21, 1958.]

HENRY D. MARTZ et al., Appellants, v. MARCUS RUIZ, Respondent.

William Jerome Pollack for Appellants.

Spray, Gould & Bowers for Respondent.

FOX, P. J.—The suit grows out of an automobile collision at the intersection of Balboa Boulevard and Sherman Way in San Fernando Valley. Those streets intersect at right angles. The two cars were traveling on Balboa Boulevard in opposite directions. The plaintiffs' car was going south while the defendant was driving north. This was almost a head-on collision. The left front of defendant's car hit the front of plaintiffs'. There is a conflict in the evidence as to where the impact took place, that is to say, on which side of the double white line. There is evidence that approximately three-quarters of defendant's car was across this line. He maintains, however, that at the moment of impact his entire car was on his side of the white line. Plaintiffs, one of whom (James LaFever) was a passenger in the back seat, were injured. The jury returned a verdict for defendant. Plaintiffs have appealed.

The court gave the jury an instruction on unavoidable accident, the pertinent portion of which reads as follows:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence.

"Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it.

. . . . . . . . . . .

"Whether or not the accident in question in this case was unavoidable is, of course, a question of fact for you to determine; . . ."

Since the trial of this case the Supreme Court has passed on the propriety of giving such an instruction in the case of *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 657-661 [320 P.2d 500]. The court points out (p. 659) that "the instruction on unavoidable accident serves no useful purpose" and that (p. 660) "[t]he instruction is not only unnecessary, but it is also confusing" and "can lead only to misunderstanding." The court states (p. 660) that "[t]he giving of a confusing or misleading instruction is . . . error" and, except in special situations not here present, "the use of an unavoidable accident instruction should be disapproved." The court then went on to say (pp. 660-661): "The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the jury and whether the error has been prej-

udicial so as to require reversal depends on all the circumstances of the case, including the evidence and the other instructions given. No precise formula can be drawn."

In the instant case there is no evidence that the accident resulted from any cause other than negligence. There is no suggestion that any other vehicle interfered with the movement of either of the two cars or that either of them developed any mechanical difficulty that caused or contributed to the collision. It is thus clear there was no basis in the evidence for giving an instruction on unavoidable accident.

Did the giving of such instruction likely mislead the jury to plaintiffs' prejudice? We think this question may fairly be answered in the affirmative. The testimony of the police officer, who arrived at the scene of the accident only a few minutes after it happened, that three-fourths of defendant's car was over the double white line, that from an examination of the debris and the position of the cars he determined that the plaintiffs' car was never over on the wrong side of the road, and that defendant stated to him at the scene, "I didn't see the other car at all"; defendant's admission on the stand that he did not notice a double white line there and that it was just his feeling from his driving experience that he was on his side of the roadway; and the testimony of Mr. and Mrs. Martz that their car was at all times on their own side of the dividing line: all this evidence makes a strong showing that defendant was negligent and that such negligence was a proximate cause of the accident and injuries to plaintiffs. In this connection it will be recalled that plaintiff LaFever, a lad 14 years of age, was a passenger in the back seat of the Martz car. The verdict of the jury in favor of the defendant and against all the plaintiffs on this state of the record is in itself an indication that the jury was misled to plaintiffs' prejudice. In addition, as pointed out in the Butigan case, "the giving of the instruction obviously overemphasized" the defendant's case and "suggested to the jury that they should consider unavoidability as an issue or ground of defense separate and apart from the questions of negligence and proximate causation. An attempt by the jurors to carry out such a direction could be expected to result in confusing and misleading them." (Butigan v. Yellow Cab Co., supra, p. 661.) Under all the circumstances, the record indicates that the error in giving the instruction was prejudicial.

It is unnecessary for us to pass upon other questions that counsel have raised.

Since there is no appeal from a verdict, the purported appeal therefrom is dismissed. The judgment is reversed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied April 15, 1958, and respondent's petition for a hearing by the Supreme Court was denied May 14, 1958. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.