[Civ. No. 22423.   Second Dist., Div. One.   Apr. 10, 1958.]

RAYMOND P. BRENNER, Appellant, v. HARRY
CURTIS BEARDSLEY, Respondent.

J. Paul Madsen for Appellant.

Ball, Hunt & Hart, Joseph A. Ball and Clark Heggeness for
Respondent.

FOURT, J.—This is an appeal from a judgment for defend-
ant in an action for damages for personal injuries sustained by
Raymond P. Brenner while riding to work on the foggy morn-
ing on February 10, 1955, as a passenger in an automobile

owned and operated by Robert Dealy, which automobile collided on Bloomfield Road, near Artesia in the county of Los Angeles, at approximately 6:50 a. m., on said date, with an automobile owned and operated by Harry Curtis Beardsley.

Beardsley had driven from his home on Bloomfield Road into a private driveway or feed alley on his dairy property, which was immediately adjacent to his home. Richard Acree, one of his employees, joined him in the automobile, and Beardsley backed his automobile "until the rear end of the car was approximately to the edge of the property line paralleling Bloomfield."

Beardsley testified that after stopping, "We looked both north or—both north and south for approaching vehicles," and when asked how far he could see, he said "I would say approximately seventy-five feet." Having backed out across the shoulder of Bloomfield Road until at least the left rear wheel was on the asphalt-improved portion, Beardsley stated "I just practically started forward in very—going in very—I don't suppose over two to five miles per hour and I was hit in the rear."

Beardsley's automobile was first struck by the Dealy automobile in which Brenner was riding, and then almost simultaneously, the Beardsley car was struck by an automobile driven by Richard Phelps, which also was traveling in a southerly direction on Bloomfield Road behind the Dealy automobile. There were skid marks to the point of impact, and the testimony presented was in conflict as to whether the skid marks were laid down by the Dealy automobile or the Phelps automobile.

Contributory negligence was not in issue, and this appeal is based primarily upon alleged errors in the giving of certain instructions and in the refusal to give certain other instructions.

Specific exception was taken at the trial, and is taken on appeal to the instruction given at defendant's request on the issue of unavoidable accident, which instruction is as follows:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it.

"Bear in mind, however, that if the defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained by the defendant."

It is further contended that plaintiff's requested instruction, which was refused as otherwise covered, should have been given, said requested instruction being as follows:

"You are instructed that an unavoidable accident is one that human skill and foresight could not in the exercise of ordinary prudence have provided against, and if you find from the evidence in this case that the collision and consequent injury to the plaintiff could have been avoided by the exercise of ordinary care on the part of defendant Beardsley, then I instruct you that this was not an unavoidable accident."

In the recent case of *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500], the Supreme Court considered the propriety of giving California Jury Instructions, Civil (4th rev. ed., 1956) Number 134, the same instruction given by the trial court in the instant case. The court stated (at p. 660), "The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding."

To the above, the following comment is added (on p. 661), "In addition, the giving of the instruction obviously overemphasized defendants' case, and, as we have said, the instruction suggested to the jury that they should consider unavoidability as an issue or ground of defense separate and apart from the questions of negligence and proximate causation."

Under the circumstances of this case the instruction on unavoidable accident was clearly prejudicial. Contribu-

tory negligence is not in issue; and there is nothing in the evidence tending to indicate that the collision could have resulted from any cause other than the negligence of the driver of the Beardsley car or the driver of the Dealy car in which Brenner was riding.

It is unnecessary under the circumstances of this case to determine the other contentions of appellant.

The judgment is reversed, and the cause remanded for a new trial.

White, P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 4, 1958.