[Civ. No. 17748. First Dist., Div. Two. May 23, 1958.]

FRED EMERTON, Appellant, v. DEN M. ACRES, Respondent.

Vizzard, Baker & Sullivan and Rosendale, Thomas & Muller for Appellant.

Grunsky & Pybrum and Donald L. Grunsky for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment for defendant following the verdict of a jury. Appellant was riding with other members of his family in an automobile driven by his brother. This automobile came into collision with one driven by defendant on Highway 101 in Monterey County a few miles south of San Ardo. The two cars were proceeding northward at the time and the car in which appellant was riding had been following the one driven by respondent. According to appellant and his witnesses after the two cars reached the brow of a hill with a long stretch of straight highway ahead appellant's brother sounded his horn and turned into the left lane to pass respondent's automobile. When about one-fourth of his car was opposite the respondent's car respondent suddenly, without giving a signal, turned into the left lane and the collision occurred.

According to the testimony of respondent and his wife, who was riding with him, he had turned into the left lane to pass another automobile ahead of him, without noticing that the car in which appellant was riding was behind him, and he was fully in the left lane when struck by this automobile. It had been raining and respondent testified that his windows were slightly misted. There was evidence that he had told a highway officer at the scene of the accident that his windows were "fogged up." When asked if he gave a signal before turning into the left lane he answered: "I don't recall that I did, no. . . . I don't recall giving any signal."

The driver of the third car, O'Connor, gave testimony at variance with both versions. He testified that he was driving behind (not in front of) respondent's car, which at all times was in the right lane, when appellant's car passed him, turned into the right lane in front of him and struck respondent's car in the rear.

The trial court gave to the jury the instruction on unavoidable accident since disapproved in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]. While the giving of this instruction was supported by the existing decisions when this trial took place, under the decision in Butigan we must hold that it was error to give it because there was no element of unavoidable accident established by any evidence which would justify its giving under the Butigan decision.

The sole question is whether the error was prejudicial. Our reading of the record satisfies us that it was. The evidence showed no damage to the front of the car in which appellant was riding, which strongly corroborates the evidence of his witnesses that respondent's car turned into the left lane after the car in which appellant was riding was already partly alongside of it, and tends to contradict the testimony of respondent's wife and O'Connor that respondent's automobile was struck from the rear.

In Butigan the Supreme Court noted as one element of prejudice "the tendency which such an instruction would have to induce the jury to believe that the stalling of the taxi engine, if a fact, was an unavoidable occurrence . . ." (49 Cal.2d p. 661.) In the case before us the testimony that the windows of respondent's automobile were misted or fogged up, thus interfering with his seeing the car behind him, might similarly be regarded by the jury as an "unavoidable occurrence."

The question of prejudiec must be decided on the facts of each case and *Rayner* v. *Ramirez*, 159 Cal.App.2d 372 [324 P.2d 83], cited to us by respondent, is not helpful since the facts were markedly different. We conclude on the record before us that the giving of the instruction on unavoidable accident must be held prejudicial to appellant.

Appellant argues that the failure of respondent to give a signal before turning establishes his negligence as a matter of law. Disregarding entirely O'Connor's testimony the question of proximate cause would still remain for the jury, since the jury could find from the evidence of respond-

ent and his wife that he had already turned fully into the left lane when appellant's car struck him from the rear.

We find no prejudicial error in the other specifications urged by appellant.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.