[Civ. No. 23391. Second Dist., Div. Two. June 25, 1959.]

MEYER M. PASKIL, Respondent, v. LEIGH RICH COR-
PORATION (a Corporation) et al., Appellants.

Hunter & Liljestrom and Gerald V. Barron for Appellants.

William C. Powers for Respondent.

HERNDON, J.—Defendants appeal from an order granting plaintiff's motion for a new trial. The sole ground upon which the new trial was granted was that error in law was committed in giving the "unavoidable accident" instruction (BAJI No. 134) condemned (except in special situations) in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]. Defendants urge that under the peculiar facts of the instant case (1) the giving of the instruction did not constitute error, and (2) if there was error, it was not prejudicial.

Plaintiff seeks recovery of damages for personal injuries allegedly suffered as the result of a fall sustained while engaged in the sport of bowling. He charges defendants with negligence in the maintenance of the bowling establishment and attributes his fall to a defect in the floor of the alley or lane which he was using at the time. At the trial he introduced evidence tending to prove that his fall was caused by a patch of plastic wood filler in the approach to the lane 3 to 5 inches in length, about ½ inch in width and 1/16th to 1/8th inch higher than the surrounding wood.

Defendants denied the material allegations of the complaint and alleged the defense of contributory negligence. They introduced evidence tending to prove that the alleged defect was not in existence at the time in question, and that plaintiff's fall was caused solely by the inept and improper manner in which he made his approach to the alley preparatory to delivering the ball.

The jury returned a verdict for defendants. The court thereafter granted plaintiff's motion for a new trial solely upon the ground above indicated. Thus, the determinative issue is whether the trial judge reasonably could have regarded the giving of the "unavoidable accident" instruction as prejudicially erroneous.

■■ The rule of law governing our review of the order here challenged was recently stated in *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [323 P.2d 391], as follows: "The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733-734 [306 P.2d 432].) ■ In the Brandelius case it was stated that the granting of a new trial could be reversed 'only if . . . the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury.' (47 Cal.2d at p. 745.)" ■ And as stated in *Balthrop* v. *Atchison, T. & S. F. Ry. Co.,* 142 Cal.App.2d 823, at page 826 [299 P.2d 341]: "It has been said 'If the challenged instruction was erroneous in any degree, or even if it was only "fairly debatable" that such instruction may have been misleading, the broad discretion of the trial court may not be disturbed, . . . ' " (*Sloboden* v. *Time Oil Co.,* 131 Cal.App.2d 557, 558 [281 P.2d 85]; *Los Angeles City High School District* v. *Kita,* 169 Cal.App.2d 655, 664-665 [338 P.2d 60].)

Turning now to the specific question whether it was error under the facts of this case to give the "unavoidable accident" instruction, the following language from *Halleck* v. *Brown,* 164 Cal.App.2d 586, 589 [330 P.2d 852], appears to be controlling. ■ "It is well settled that the giving of the unavoidable accident instruction is prejudicial where the evidence discloses no condition and no action or conduct apart from the conduct of the parties that could reasonably have been found sufficient to acquit them of negligence. (*Martz* v. *Ruiz,* 158 Cal.App.2d 590 [322 P.2d 981]; *Britton* v. *Gunderson,* 160 Cal.App.2d 66 [324 P.2d 938]; *Brenner* v. *Beardsley,* 159 Cal.App.2d 304 [323 P.2d 841]; *Emerton* v. *Acres,* 160 Cal.App.2d 742 [325 P.2d 685]; *Grant* v. *Mueller,* 160 Cal.App.2d 804 [325 P.2d 680].)"

To the same effect are *Perrotti* v. *Samson,* 163 Cal.App.2d 280, 285 [329 P.2d 310], and *McGuire* v. *Navarro,* 165 Cal. App.2d 661, 667 [332 P.2d 361]. The last cited case involved a collision of automobiles. A judgment in favor of the defendant was reversed by reason of the error in giving the

"unavoidable accident" instruction notwithstanding defendant's testimony that the accident resulted solely from the fact that the driver of another automobile had forced him off the road. In other words, it was defendant's theory that the intervening negligence of a third party was the sole proximate cause of the collision—a theory which provided a better basis than we find in the case at bar for argument that the instruction was appropriate.

The precedents cited above point clearly to the conclusion that the giving of the "unavoidable accident" instruction was error and that the granting of the new trial did not constitute an abuse of discretion.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.