ALICE RODONI, Plaintiff and Appellant, v. WILLIAM E. HOSKIN, Defendant and Respondent.

No. 10060.

Submitted March 31, 1960. Decided September 19, 1960.

355 P. 2d 296.

David L. Holland and Frank Burgess, Butte, for appellant. David L. Holland argued orally.

Meyer and Meyer, James E. Purcell, Butte, for respondent. S. O. Meyer argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment entered in favor of the defendant upon a verdict of the jury in an action for damages for personal injuries suffered by the plaintiff in an automobile accident.

The accident occurred in the early morning hours of December 7, 1957, at a curve on Farragut Street within the city limits of Butte, Montana. All of the testimony showed that the street was slippery because of snow, ice and some wind. The defendant was the only person in his 4 wheel drive "jeep" vehicle. The plaintiff was the passenger in a vehicle which was driven by George Erickson which will be referred to as the Erickson vehicle. Donna Erickson, wife of the driver, was also a passenger in the Erickson vehicle. The defendant's vehicle was traveling south and the Erickson vehicle was traveling north. The defendant's vehicle admittedly hit a chuck hole in the street which threw it out of control and it skidded at least 150 feet before it came into collision with the Erickson vehicle. The impact threw the Erickson vehicle up onto the curbing. The point of impact of the vehicles was in the lane of travel of the Erickson vehicle.

In his testimony, the defendant made several admissions. He testified that he had driven the route, which he was driving at the time of the accident, every day for four years and that the road was very familiar to him. He admitted that the roads were very slippery and dangerous at the time of the accident and that he was aware of this fact. He also admitted that he knew of the approximate location of the chuck hole and was watching for it. He testified as follows: *"I knew it* [referring to the chuck hole] *could throw my car if I hit it* and that's why I was watching for it." He also testified that he was traveling approximately 15 miles per hour when he hit the chuck hole while coming around a curve and that he saw the lights of the Erickson vehicle before he came into the curve. He also said that when his vehicle was out of control the Erickson vehicle veered off to the right side of the road in an attempt to avoid

the collision. Defendant testified that he intended to straddle the chuck hole, but that he had misjudged and the right wheels of his vehicle struck the chuck hole throwing his car out of control and when he attempted to straighten his vehicle it slid straight ahead into the Erickson vehicle.

George Erickson, the driver of the Erickson vehicle, and his wife, Donna Erickson, both testified that the defendant was driving his vehicle about 20 miles per hour, and that the Erickson vehicle was traveling from five to ten miles per hour. They also testified that the streets were icy and dangerous and that they had pulled to the right side of the street in an attempt to avoid the collision when they saw that the vehicle of the defendant was out of control.

The following instruction was given by the trial court over objection of the plaintiff: "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by use of greater foresight, caution or skill than was required in the circumstances in the exercise of ordinary care, still no one may be held liable for injuries resulting from it. If, therefore, you find that the accident in which Plaintiff was injured was unavoidable, as in this Instruction defined, your Verdict must be for the Defendant."

The issue is raised as to whether the giving of the above-quoted instruction relating to "unavoidable accident" was reversible error.

This issue has been the subject of much controversy both in Montana and other jurisdictions. In the recent case of Butigan v. Yellow Cab Co., 1958, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1, the California Supreme Court generally disapproved of all instructions on "unavoidable accident" thereby abandoning a long line of contrary California decisions. In the course of

the opinion, in the Butigan case, supra, the court at 320 P.2d 500, 504, stated:

"We are of the view that the rule applied in Parker v. Womack, 37 Cal.2d 116, 230 P.2d 823 [allowing an instruction as to "unavoidable accident"], should be reconsidered. In reality, the so-called defense of unavoidable accident has no legitimate place in our pleading. It appears to be an obsolete remnant from a time when damages for injuries to person or property directly caused by a voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through 'inevitable accident.' * * *

"In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. [Citing California authorities.] The statement in the quoted instruction on 'unavoidable or inevitable accident' that these terms 'simply denote an accident that occurred without having been proximately caused by negligence' informs the jury that the question of unavoidability or inevitability of an accident arises only where the plaintiff fails to sustain his burden of proving that the defendant's negligence caused the accident. Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose. * * *

"The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided

and that, if proved, it constitutes a separate ground of non-liability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding.''

In the recent case of Lucero v. Torres, 1960, 67 N.M. 10, 350 P.2d 1028, the New Mexico Supreme Court rejected the doctrine of the Butigan case, supra. In the course of the opinion the court stated at 350 P.2d 1032:

''* * * Nevertheless, since the Butigan case, in Martz v. Ruiz, 1958, 158 Cal. App.2d 590, 322 P.2d 981, and in Brenner v. Beardsley, 1958, 159 Cal.App.2d 304, 323 P.2d 841, the California court used language that intimates that the giving of an unavoidable accident instruction might not be error where there was evidence that the accident resulted from a cause other than negligence. Also, in Rayner v. Ramirez, 1958, 159 Cal.App. 2d 372, 324 P.2d 83, and in Emerton v. Acres, 1958, 160 Cal.App. 2d 742, 325 P.2d 685, it was intimated that a proper case for the giving of an unavoidable accident instruction might exist where there is evidence which would support the finding of an unavoidable accident. We refuse to follow the rationale pronounced in Butigan v. Yellow Cab Co., supra.''

In another portion of the opinion, the New Mexico Court stated at page 1032 of 350 P.2d:

''We do not mean to say that every motor vehicle accident case warrants the giving of an unavoidable accident instruction. On the other hand, the very nature of some of the motor vehicle cases, such as this, suggests that genuine questions of mere accident or of unavoidable accident, giving foundation for the instruction, may be present. A prominent feature may be one

of surprise, sudden appearance and reasonably unanticipated presence of a pedestrian, combined with circumstances which present a fair issue as to whether the failure of a driver of a motor vehicle to anticipate or sooner to guard against the danger or to avoid it, is consistent with a conclusion of the exercise of his due care. In such cases, the trial courts are inclined to grant the instruction on unavoidable accident and their action in so doing is generally approved by the appellate courts. [Citing authorities from several states.]''

Montana has decided three cases concerning the problem of "unavoidable accident" instructions. In Tanner v. Smith 97 Mont. 229, 33 P.2d 547, and Jewett v. Gleason, 104 Mont. 63, 65 P.2d 3, the Montana Supreme Court held that the *failure to instruct* as to "unavoidable accident" was not reversible error on appeal by the defendants since the evidence in the cases did not warrant the instruction. In Bogovich v. Scandrett, 117 Mont. 341, 158 P.2d 637, the Montana Supreme Court held that *it was error* for the trial court to give an instruction concerning "unavoidable accident" when it was not warranted by the evidence in the case. However, it should be noted that in all three of these cases the court intimated that in a proper case an instruction as to "unavoidable accident" would not be error.

In the Bogovich case, supra, the court stated at 117 Mont. 347, 158 P.2d 639:

''* * * In Brewer v. Berner, 15 Wash. 2d 644, 131 P.2d 940, 942, the following definition [of unavoidable accident] was quoted with approval: 'So employed [in a more restricted sense than inevitable, as an act of God], "unavoidable accident" has been defined as meaning an accident which cannot be avoided by that degree of prudence, foresight, care, and caution which the law requires of every one under the circumstances of the particular case, which is not occasioned in any degree, either remotely or directly, by the want of such care and skill as the law holds every man bound to exercise, or which

occurs without fault attributable to anyone. And, in this sense, it has been held to be equivalent to, or synonymous with, "mere accident" or "pure accident." ' * * *

" 'We hold to the view and are of the opinion that an instruction on unavoidable accident is only authorized when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. *In other words, facts must be present in the case on the issues of unavoidable accident, and unless they are so present it is reversible error to give an instruction on that question.*' " Emphasis supplied.

We decline to follow the holding of Butigan v. Yellow Cab Co., supra, and conclude that the holding of Lucero v. Torres, supra, is better-reasoned. It is our opinion that an instruction as to "unavoidable accident" could help the jury to understand the legal concepts involved in an appropriate case and would not confuse them or hinder them in reaching a just conclusion. However, an instruction as to "unavoidable accident" should be used with care and only allowed when the facts warrant it. It might be appropriate where there was "surprise, sudden appearance and reasonably unanticipated presence of a pedestrian" as was stated in the Lucero case, supra, or it might be appropriate where facts are present in the case concerning "unavoidable accident" as this court stated in the Bogovich case, supra.

In the instant case, it appears from all of the testimony that an instruction concerning "unavoidable accident" was not appropriate. There was no testimony of negligence on the part of the driver of the Erickson vehicle, in which the plaintiff was a passenger. However, there was ample testimony from which negligence could be inferred on the part of the defendant. The defendant himself testified that he was familiar with the road and knew of the approximate location of the chuck hole and that it could "throw my car if I hit it". He knew the streets were in a slippery and dangerous condition. He also

testified that he saw the lights of the Erickson vehicle before going into the curve. However the defendant, from the testimony, apparently did not slow his vehicle or let the Erickson vehicle pass before crossing the chuck hole. Under these circumstances we conclude that there were no facts present concerning "unavoidable accident" to justify the instruction and the giving of such an instruction by the trial court was reversible error as to the plaintiff.

Because of our holding that the cause be remanded for a new trial for the above-stated reason, it is not necessary to pass upon the other specifications of error.

For the reason noted the judgment is reversed and cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICE ADAIR, and THE HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE ANGSTMAN concur.

THE HONORABLE PHILIP C. DUNCAN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY dissenting:

I dissent. I would affirm the judgment of the district court.